IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTHA FINLEY, | : | |
| | : | |
| Plaintiff | : | Civil Action No.: 2:08-cv-00051-CSC |
| | : | |
| vs. | : | |
| | : | ANSWER AND AFFIRMATIVE |
| MERCK & COMPANY, INC.; | : | DEFENSES OF CAROL JAMES; |
| JULIE MELTON; CAROL JAMES; | : | |
| MICHAEL BECK; SHELIA DAVIS; | : | |
| et al. | : | DEMAND FOR JURY TRIAL |
| | : | |
| Defendants | : | |

Defendant, Carol James ("Ms. James"), by and through her undersigned attorneys, hereby answers the Complaint. Ms. James denies all allegations set forth in the Complaint except to the extent such allegations are specifically admitted below:

**<u>STATEMENT OF FACTS</u>**

1.      Ms. James admits that Plaintiff purports to bring a civil action. Ms. James lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 1.

2.      The allegations of Paragraph 2 are not directed toward Ms. James and, therefore, no response is required. If a response is required, Ms. James states that, upon information and belief, she admits that Merck is incorporated in and has its principal place of business in the State of New Jersey.

3.      The allegations of Paragraph 3 are not directed toward Ms. James and, therefore, no response is required. If a response is required, Ms. James denies each and every allegation of Paragraph 3, except, upon information and belief, admits that Merck

manufactured, marketed, and distributed certain pharmaceutical products including the prescription medicine FOSAMAX® in accordance with its approved prescribing information.

4.      The allegations of Paragraph 4 are not directed toward Ms. James and, therefore, no response is required.  If a response is required, Ms. James denies each and every allegation of Paragraph 4, except, upon information and belief, admits that Merck is registered to do business in the State of Alabama and that it distributed FOSAMAX® for prescription in accordance with its approved prescribing information.

5.      To the extent that the allegations of Paragraph 5 are directed to Ms. James, she states that she is without knowledge as to the meaning of the phrase "[a]t all times relevant hereto" and therefore denies all remaining allegations of Paragraph 5 directed to her, except that she admits that she was at various times employed by Merck as a Professional Representative.  To the extent the allegations of Paragraph 5 are directed to other Defendants, no response is required.  If a response is required, Ms. James states that she is without knowledge or information sufficient to form a belief as to those allegations.

6.      Ms. James denies each and every allegation of Paragraph 6 directed to her. Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 6.

7.      Ms. James denies each and every allegation of Paragraph 7 directed to her. Ms. James is not required to respond to allegations directed toward other Defendants.  If

a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 7.

8.    The allegations of Paragraph 8 are not directed toward Ms. James and, therefore, no response is required.  If a response is required, Ms. James denies each and every allegation of Paragraph 8.

9.    The allegations of Paragraph 9 do not require a response.

10.   The allegations of Paragraph 10 state conclusions of law to which no response is required.  To the extent that a response is required, Ms. James denies each and every allegation of Paragraph 10, except Ms. James states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding where Plaintiff resides and admits, for jurisdictional purposes only, that the claims of the Plaintiff satisfy the jurisdictional amount of the Court.

11.   Ms. James admits only that FOSAMAX® is a prescription medication approved by the FDA for prescription in accordance with its approved prescribing information and denies any allegations in Paragraph 11 inconsistent with that prescribing information.  Ms. James respectfully refers the Court to the Physicians' Desk Reference ("PDR") for FOSAMAX® for its actual language and full text.

12.   Ms. James denies each and every allegation of Paragraph 12.

13.   Ms. James denies each and every allegation of Paragraph 13.

14.   Ms. James denies each and every allegation of Paragraph 14 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 14, except, upon information and belief, admits that

Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX®
in accordance with its approved prescribing information.

15.     Ms. James denies each and every allegation of Paragraph 15 directed to
her.  Ms. James is not required to respond to allegations directed toward other
Defendants.  If a response to those allegations is required, Ms. James denies each and
every such allegation of Paragraph 15.

16.     Ms. James denies each and every allegation of Paragraph 16 directed to
her.  Ms. James is not required to respond to allegations directed toward other
Defendants.  If a response to those allegations is required, Ms. James denies each and
every such allegation of Paragraph 16.

17.     Ms. James denies each and every allegation of Paragraph 17 directed to
her.  Ms. James is not required to respond to allegations directed toward other
Defendants.  If a response to those allegations is required, Ms. James denies each and
every such allegation of Paragraph 17.

18.     Ms. James denies each and every allegation of Paragraph 18 directed to
her.  Ms. James is not required to respond to allegations directed toward other
Defendants.  If a response to those allegations is required, Ms. James denies each and
every such allegation of Paragraph 18.

19.     Ms. James denies each and every allegation of Paragraph 19 directed to
her.  Ms. James is not required to respond to allegations directed toward other
Defendants.  If a response to those allegations is required, Ms. James denies each and
every such allegation of Paragraph 19.

20.     Ms. James denies each and every allegation of Paragraph 20 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 20.

21.     Ms. James denies each and every allegation of Paragraph 21 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 21..

## COUNT I

## <u>NEGLIGENCE</u>

22.     Ms. James repleads her answers to Paragraphs 1 through and including 21, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

23.     The allegations in Paragraph 23 are conclusions of law to which no response is required; to the extent that a response is deemed necessary, the allegations are denied and Ms. James respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

24.     Ms. James denies each and every allegation of Paragraph 24, including each and every allegation contained in subparts (a) through (f), directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 24, including each and every allegation contained in subparts (a) through (f).

25.     Ms. James denies each and every allegation of Paragraph 25 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 25.

26.     Ms. James denies each and every allegation of Paragraph 26 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 26..

WHEREFORE, Ms. James respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Ms. James such other and further relief that the Court may deem just and proper.

## COUNT II

## <u>STRICT LIABILITY</u>

27.     Ms. James repleads her answers to Paragraphs 1 through and including 26, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

28.     Ms. James denies each and every allegation of Paragraph 28 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every allegation of Paragraph 28, except that, upon information and belief, she admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

29.    Ms. James denies each and every allegation of Paragraph 29 directed to her and states that she is without knowledge as to the condition of the FOSAMAX® Plaintiff alleges she consumed.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every allegation of Paragraph 29, except that, upon information and belief, she admits that Merck manufactured, marketed, and distributed the prescription medicine FOSAMAX® for prescription in accordance with its approved prescribing information.

30.    Ms. James lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30.

31.    Ms. James denies each and every allegation of Paragraph 31.

32.    Ms. James denies each and every allegation of Paragraph 32.

33.    Ms. James denies each and every allegation of Paragraph 33.

34.    Ms. James denies each and every allegation of Paragraph 34.

35.    Ms. James denies each and every allegation of Paragraph 35 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 35.

36.    Ms. James denies each and every allegation of Paragraph 36.

37.    Ms. James denies each and every allegation of Paragraph 37 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 37..

38.     Ms. James denies each and every allegation of Paragraph 38 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 38..

WHEREFORE, Ms. James respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Ms. James such other and further relief that the Court may deem just and proper.

## COUNT III

## BREACH OF EXPRESS WARRANTY

39.     Ms. James repleads her answers to Paragraphs 1 through and including 38, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

40.     Ms. James denies each and every allegation of Paragraph 40 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every allegation of Paragraph 40, except that, to the extent the allegations of Paragraph 40 are directed to Merck, Ms. James refers to published product literature provided by Merck for any and all warranties contained therein.

41.     Ms. James denies each and every allegation of Paragraph 41 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 41.

42.     Ms. James denies each and every allegation of Paragraph 42.

43.     Ms. James denies each and every allegation of Paragraph 43 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every allegation of Paragraph 43, except that, to the extent the allegations of Paragraph 43 are directed to Merck, Ms. James states that she lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

44.     Ms. James denies each and every allegation of Paragraph 44 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 44..

WHEREFORE, Ms. James respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Ms. James such other and further relief that the Court may deem just and proper.

## COUNT IV

## <u>BREACH OF IMPLIED WARRANTIES</u>

45.     Ms. James repleads her answers to Paragraphs 1 through and including 44, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

46.     Ms. James denies each and every allegation of Paragraph 46 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every allegation of Paragraph 46, except that, upon information and belief, she admits

that Merck manufactured, marketed, and distributed the prescription medicine

FOSAMAX® for prescription in accordance with its approved prescribing information.

47.     Ms. James denies each and every allegation of Paragraph 47 directed to

her.  Ms. James is not required to respond to allegations directed toward other

Defendants.  If a response to those allegations is required, Ms. James denies each and

every allegation of Paragraph 47, except that, to the extent the allegations of Paragraph

47 are directed to Merck, Ms. James refers to published product literature provided by

Merck for any and all warranties contained therein.

48.     Ms. James denies each and every allegation of Paragraph 48 directed to

her.  Ms. James is not required to respond to allegations directed toward other

Defendants.  If a response to those allegations is required, Ms. James denies each and

every such allegation of Paragraph 48.

49.     Ms. James denies each and every allegation of Paragraph 49 directed to

her.  Ms. James is not required to respond to allegations directed toward other

Defendants.  If a response to those allegations is required, Ms. James denies each and

every allegation of Paragraph 49, except that, to the extent the allegations of Paragraph

49 are directed to Merck, Ms. James states that she lacks knowledge or information

sufficient to form a belief as to the truth or falsity of those allegations.

50.     Ms. James denies each and every allegation of Paragraph 50 directed to

her.  Ms. James is not required to respond to allegations directed toward other

Defendants.  If a response to those allegations is required, Ms. James denies each and

every such allegation of Paragraph 50.

51.    Ms. James denies each and every allegation of Paragraph 51 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every allegation of Paragraph 51, except that, to the extent the allegations of Paragraph 51 are directed to Merck, Ms. James states that she lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

52.    Ms. James denies each and every allegation of Paragraph 52 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 52..

WHEREFORE, Ms. James respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Ms. James such other and further relief that the Court may deem just and proper.

## COUNT V

## FRAUDULENT MISREPRESENTATION

53.    Ms. James repleads her answers to Paragraphs 1 through and including 52, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

54.    Ms. James denies each and every allegation of Paragraph 54, including each and every allegation contained in subparts (a) through (b), directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such

allegation of Paragraph 54, including each and every allegation contained in subparts (a) through (b).

55.     Ms. James denies each and every allegation of Paragraph 55 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 55.

56.     Ms. James denies each and every allegation of Paragraph 56 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 56.

57.     Ms. James denies each and every allegation of Paragraph 57 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 57.

58.     Ms. James denies each and every allegation of Paragraph 58.

59.     Ms. James denies each and every allegation of Paragraph 59 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 59.

60.     Ms. James denies each and every allegation of Paragraph 60 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 60..

61.    Ms. James denies each and every allegation of Paragraph 61 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 61..

WHEREFORE, Ms. James respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Ms. James such other and further relief that the Court may deem just and proper.

## COUNT VI

## FRAUDULENT CONCEALMENT

62.    Ms. James repleads her answers to Paragraphs 1 through and including 61, and by this reference hereby incorporates the same herein in this paragraph, and makes the same a part hereof as though fully set forth *verbatim*.

63.    Ms. James denies each and every allegation of Paragraph 63, including each and every allegation contained in subparts (a) through (b), directed to her.  Ms. James not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 63, including each and every allegation contained in subparts (a) through (b).

64.    Ms. James denies each and every allegation of Paragraph 64 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 64.

65.    Ms. James denies each and every allegation of Paragraph 65 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 65.

66.    Ms. James denies each and every allegation of Paragraph 66 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 66.

67.    Ms. James denies each and every allegation of Paragraph 67 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 67..

68.    Ms. James denies each and every allegation of Paragraph 68 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 68..

69.    Ms. James denies each and every allegation of Paragraph 69 directed to her.  Ms. James is not required to respond to allegations directed toward other Defendants.  If a response to those allegations is required, Ms. James denies each and every such allegation of Paragraph 69..

WHEREFORE, Ms. James respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Ms. James such other and further relief that the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to Ms. James in this matter. Ms. James, therefore, asserts said affirmative defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Ms. James may withdraw any of these affirmative defenses as may be appropriate. Further, Ms. James reserves the right to amend her Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds. Further answering and by way of additional defense, Ms. James states as follows:

## FIRST AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck or the Defendant to warn Plaintiff directly of alleged dangers associated with the use of FOSAMAX®, such claims are barred under the learned intermediary doctrine because Merck and this Defendant have discharged their duty to warn in its warnings to the prescribing physician.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative fault and/or negligence.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any medicine or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## TENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck or this Defendant and over whom this Defendant had no control and for whom this Defendant may not be held accountable.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of FOSAMAX®.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under the applicable state law because FOSAMAX® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate this Defendant's state and federal constitutional rights.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of this Defendant, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, such claim is barred because FOSAMAX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck and this Defendant provided legally adequate "directions or warnings" as to the use of FOSAMAX® and any other medicine or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of FOSAMAX®.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because Merck's and this Defendant's conduct conforms with medical knowledge.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

With respect to each and every cause of action, Plaintiff is not entitled to recovery for strict liability because Plaintiff cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegates Plaintiff's claims to a negligence cause of action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All activities of Merck and this Defendant as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, Plaintiff's claims pertaining to unfair or deceptive practices are barred.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

With respect to each and every cause of action, Plaintiff is not entitled to recover because if the product involved was unsafe, which this Defendant denies, then it was unavoidably unsafe as defined in Restatement of Torts.  The apparent benefits of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Alabama Constitutions.

## THIRTIETH AFFIRMATIVE DEFENSE

The public interest in the benefit and availability of the product which is the subject matter of this action precludes liability for risks, if any, resulting from any activities undertaken by Defendant, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product which is the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

At all times relevant herein, any product which is the subject matter of this action manufactured and distributed by Merck in any state in the United States was manufactured and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

With respect to each and every purported cause of action, the acts of this Defendant were at all times done in good faith and without malice.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck or this Defendant knew or should have known and which gave rise to a duty to warn, Merck and this Defendant at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained an ascertainable loss of property or money.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any actual injury or damages.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of economic loss.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue as defined in 28 U.S.C. §1404(a).

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

This case is subject to dismissal and/or transfer to another venue pursuant to 28 U.S.C. §1406(a).

## THIRTY-NINTH AFFIRMATIVE DEFENSE

This case is subject to dismissal or stay on the grounds of *forum non conveniens.*

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are not pleaded with the required particularity.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff cannot recover for the claims asserted because Plaintiff has failed to comply with the conditions precedent necessary to bring this action and/or each particular cause of action asserted by Plaintiff.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of warranty are barred because Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## FORTY-THIRD AFFIRMATIVE DEFENSE

An asymptomatic plaintiff lacks standing because she has suffered no damages and no injury-in-fact.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

## FORTY-FIFTH AFFIRMATIVE DEFENSE

The substantive law of Alabama applies to Plaintiff's claims.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

This Defendant affirmatively pleads that any punitive damages that the Plaintiff may recover in this case should be capped in keeping with Alabama Code Section 6-11-21, as amended in 1999 (Act. No. 99-358) and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Ala. Code § 6-11-21 (1975). This Defendant adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute. The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision. *See Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

This Defendant avers that the punitive damage cap set out in Ala. Code § 6-11-21 (1975) applies to the instant case. *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

## FORTY-NINTH AFFIRMATIVE DEFENSE

This Defendant avers that the method of imposing punitive damages violates Amendment 328, Section 6.11 of the Constitution of Alabama, which prohibits the use of a procedural rule to abridge, enlarge, or modify the substantive right of any party. See *Leonard v. Terminix Int'l Co.*, 854 So. 2d 529 (Ala. 2002).

## FIFTIETH AFFIRMATIVE DEFENSE

The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

This Defendant has been improperly joined in this action.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

This Defendant may not be held liable under Alabama law for breach of warranty or under a theory of strict liability.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

This Defendant had no duty and breached no duty to Plaintiff or Plaintiff's prescribing physician.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant had no duty to warn separate from the duty of the drug manufacturer's duty to warn and cannot be held liable in this action.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

Under Alabama products liability law, Plaintiff has failed to state any claim against the pharmaceutical sales representative defendants.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

Pharmaceutical sales representatives are not "sellers" under the Alabama Extended Manufacturers' Liability Doctrine, and therefore cannot be held liable under a theory of strict liability or breach of warranty.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Under Alabama law, no duty to warn runs from a pharmaceutical sales representative to the Plaintiff's prescribing physician.

——————————————————————

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Ms. James to determine all of her legal, contractual and equitable rights, Ms. James reserves the right to amend and/or supplement the averments of her Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery.

Ms. James will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Ms. James respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Ms. James such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Ms. James demands a trial by jury as to all issues so triable.

Dated:  January 28, 2008

Respectfully submitted,

*s:/  Robert C. Brock (ASB-5280-B61R)*
Benjamin C. Wilson (ASB-1649-I54B)

*Attorneys for Defendant Carol James*

Of Counsel:

Rushton, Stakely, Johnston & Garrett, P.A.
184 Commerce Street
Montgomery, Alabama 36104
Tel.:    334-206-3100
Fax:    334-262-6277

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2008,  I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

E. Frank Woodson, Esq.
Leigh O'Dell
Wesley Chadwick Cook
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

*s/Robert C. Brock*