IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTHA FINLEY, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 2:08-cv-00051-MHT-CSC |
| MERCK & CO., INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**RESPONSE BY DEFENDANT MERCK & CO., INC.
TO ORDER TO SHOW CAUSE
AND IN SUPPORT OF A STAY PENDING TRANSFER**

Defendant Merck & Co., Inc. ("Merck"), by counsel, hereby files this response to the Court's Order dated January 25, 2008, directing that the parties "show cause if any there be . . . as to why this case should not be stayed pending MDL transfer." Merck supports the entry of a stay in this case, and states as follows:

1.  On August 16, 2006, the Judicial Panel on Multidistrict Litigation (the "MDL Panel") issued a transfer order establishing MDL Proceeding No. 1789, styled *In re Fosamax Products Liability Litigation*, to coordinate the many cases filed across the country relating to Fosamax. *See In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d 1347 (Jud. Pan. Mult. Lit. 2006). As of this date, the MDL Panel has issued 47 Conditional Transfer Orders requiring the transfer of an additional 124 actions to MDL 1789, where a total of 377 cases are now pending, including both the transferred cases and cases filed directly in the transferee court.

2.  On January 31, 2008, the MDL Panel issued Conditional Transfer Order No. 47, which provides for the transfer of this case to the Fosamax MDL proceedings. *See* Conditional Transfer Order No. 47, MDL No. 1789 (J.P.M.L.) (Ex. 1 hereto).

BA2/3336301.01

-2-

3.      As stated in Section I of Merck's Memorandum In Opposition to the Plaintiff's Motion to Remand, the filing of a motion to remand in this case does not affect the propriety of a stay. Such motions to remand have been filed in many actions already transferred to the Fosamax MDL proceedings, including many cases in which plaintiffs have sought to avoid diversity jurisdiction by adding third parties such as sales representatives, pharmacies, or distributors. Merck cites (and attaches as exhibits) 10 such stay orders in its Opposition to the Plaintiff's Motion to Remand. In each case, the District Courts concluded that the transferee court should address the remand issues in a coordinated manner, including the question of whether additional defendants—such as the sales representatives in this case—were fraudulently joined.

4.      Case Management Order No. 14 in the Fosamax MDL proceedings, provides a schedule for quickly addressing motions to remand filed before Judge Keenan after a case is transferred. *See* Case Management Order No. 14, dated 12/27/2007, Case No. 06-MD-1789 (JFK) (S.D.N.Y.) (Ex. 2 hereto). Under the terms of this Order, briefing on remand for all cases transferred prior to March 1, 2008 will be complete by May 2, 2008 and ripe for consideration by Judge Keenan. Thus, a brief stay of this case pending transfer will cause no prejudice to the Plaintiff.

For all of these reasons, Merck supports the entry of a stay pending the transfer of this case to the Fosamax MDL proceedings.

         Respectfully submitted,

         */s/ Ben C. Wilson*
         BEN C. WILSON
         One of the Attorneys for Defendant,
         Merck & Co., Inc.

-3-

OF COUNSEL:
Robert C. "Mike" Brock
F. Chadwick Morriss
Ben C. Wilson
RUSHTON, STAKELY, JOHNSTON, & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
rcb@rsjg.com
fcm@rsjg.com
bcw@rsjg.com

## CERTIFICATE OF SERVICE

I certify that on the 15th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record, including:

>E. Frank Woodson, Esq.
>Leigh O'Dell
>Wesley Chadwick Cook
>Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
>Post Office Box 4160
>Montgomery, Alabama 36103-4160

*Attorneys for Plaintiff.*

/s/ Ben C. Wilson
OF COUNSEL

-3-

BA2/336301.01

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888
http://www.jpml.uscourts.gov

January 31, 2008

TO INVOLVED COUNSEL

Re: MDL No. 1789 -- IN RE: Fosamax Products Liability Litigation

(See Attached CTO-47)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE: February 15, 2008** (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _Dana L. Stewart_
Deputy Clerk

**DEFENDANT'S EXHIBIT 1**

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 3 1 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION     MDL No. 1789

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO-47)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See 444 F.Supp.2d 1347 (J.P.M.L. 2006). Since that time, 113 additional actions have been transferred to the Southern District of New York. With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION          MDL No. 1789

SCHEDULE CTO-47 - TAG-ALONG ACTIONS

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| ALABAMA MIDDLE | |
| ALM 2 08-51 | Martha Finley v. Merck & Co., Inc., et al. |
| FLORIDA MIDDLE | |
| FLM 3 08-71 | Annie Laverne Sampsell v. Merck & Co., Inc. |
| FLORIDA NORTHERN | |
| FLN 4 08-19 | Claire Perry, et al. v. Merck & Co., Inc. |

IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION                MDL No. 1789

## INVOLVED COUNSEL LIST (CTO-47)

M. King Hill, III
VENABLE LLP
210 Allegheny Avenue
Towson, MD 21204

Katharine R. Latimer
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
9th Floor
Washington, DC 20005

Daryl Dion Parks
PARKS & CRUMP LLC
240 North Magnolia Drive
Tallahassee, FL 32301-2638

Christopher A. Seeger
SEEGER WEISS
One William Street
10th Floor
New York, NY 10004-2502

Michael E. Seelie
MICHAEL E SEELIE PA
2468 Atlantic Boulevard
Jacksonville, FL 32210

Terry O. Tottenham
FULBRIGHT & JAWORSKI LLP
600 Congress Avenue
Suite 2400
Austin, TX 78701-2011

Benjamin C. Wilson
RUSHTON STAKELY JOHNSTON & GARRETT PA
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270

E. Frank Woodson
BEASLEY ALLEN CROW METHVIN PORTIS & MILES PC
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

RULE 7.4:   CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a) Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b) Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e) Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f) Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:   MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a) Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b) Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c) Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d) A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e) Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

FOSAMAX PRODUCTS LIABILITY LITIGATION

*This Document Relates To All Actions*

MASTER FILE

1:06-MD-1789 (JFK)

### CASE MANAGEMENT ORDER NO. 14
### (Regarding Motions to Remand)

JOHN F. KEENAN, United States District Judge:

It has become apparent that motions to remand which were filed in transferor courts and remain pending before this Court, as well as those which are expected to be filed in this Court, will raise overlapping challenges to this Court's subject matter jurisdiction. In order to resolve these jurisdictional issues promptly and efficiently, it is hereby ORDERED that:

1. For cases transferred to this Court on or before March 1, 2008: All remand motions shall be served on the Defendant by March 31, 2008. Defendant shall serve its response to these remand motions on or before April 21, 2008. Plaintiffs may serve a reply on or before May 2, 2008. On May 2, 2008, each party shall file its motion papers and provide the Court with courtesy copies. Defendant also shall file on the master docket a list of all cases with remand motions pending as of that date.

2. For cases transferred to this Court after March 1, 2008: On the last business day of June 2008 and every second month thereafter, Defendant shall notify the Court of any new remand motions that have been filed. Defendant shall file and serve papers in opposition thereto within fourteen days. Plaintiffs affected by such motions may serve and file reply papers, and provide the Court with courtesy copies of their motion papers, within fourteen days thereafter.

SO ORDERED.

Dated:   New York, N.Y.
         December 26, 2007

JOHN F. KEENAN
United States District Judge

