IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARTHA FINLEY,                              *

      Plaintiff,                         *

  v.                           .            *       Case No.: 2:08-cv-00051-MHT-CSC

MERCK & CO., INC., *et al.*,                *

      Defendants.                         *
  *    *    *    *    *    *    *    *    *    *    *

## OPPOSITION TO PLAINTIFF'S MOTION TO REMAND
## BY DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by counsel, hereby files this memorandum in opposition to the Plaintiff's Motion to Remand. The Court should decline to hear that motion now. The Judicial Panel on Multidistrict Litigation ("MDL Panel") has ordered the transfer of this action to the FOSAMAX® ("Fosamax") MDL proceedings in the Southern District of New York, where this case will be addressed in coordination with other cases that raise the same removal and jurisdictional issues that Plaintiff argues here. A procedure has already been set in place in the Fosamax MDL proceedings to efficiently file and resolve motions to remand such as this one. Accordingly, this case should be stayed, and Plaintiff's motion to remand should be decided by the MDL transferee court, in coordination with other, similar motions.

If this Court were to address the Motion to Remand, that motion should be denied. Based on Plaintiff's own allegations, this Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Merck are citizens of different states and because Plaintiff's claims in this case easily exceed this Court's minimum jurisdictional amount. Plaintiff may not avoid this Court's statutory jurisdiction by improperly joining four Merck employees ("the Employee

Defendants") who have no connection to Plaintiff or her claims.  Plaintiff has failed to demonstrate any reasonable basis upon which the individual Employee Defendants could be held liable, and they are not properly joined in this case.  This Court, therefore, has diversity jurisdiction and Merck properly removed this lawsuit to federal court.

## PROCEDURAL BACKGROUND

Plaintiff Martha Finley alleges in her Complaint that she is a citizen of Alabama. Complaint ¶ 1.  Plaintiff alleges that she was injured as a result of using Fosamax, at her physicians' direction.  *Id.* ¶ 12.  Fosamax is a prescription medication produced by Defendant Merck, which is a resident of New Jersey.  *Id.* ¶ 2.  On August 16, 2006, the Judicial Panel on Multidistrict Litigation (the "MDL Panel") issued a transfer order establishing MDL Proceeding No. 1789, styled *In re Fosamax Products Liability Litigation*, to coordinate the many cases filed across the country relating to Fosamax.  *See In re Fosamax Prods. Liab. Litig.*, 444 F. Supp. 2d 1347 (Jud. Pan. Mult. Lit. 2006).  As of this date, the MDL Panel has issued 47 Conditional Transfer Orders requiring the transfer of 124 actions to MDL 1789, where a total of 377 cases are now pending, including both the transferred cases and cases filed directly in the transferee court.

Motions to remand have been filed in many actions already transferred to the Fosamax MDL proceedings, including many cases in which plaintiffs have sought to avoid diversity jurisdiction by adding third parties such as sales representatives, pharmacies, or distributors.  In each of these cases, the District Courts concluded that the transferee court should address the remand issues in a coordinated manner, including the question of whether additional defendants—such as the sales representatives in this case—were fraudulently joined.  *See* Order filed 7/9/2007 in *Anderson v. Brite Dental Corp., et al.*, Case No. 8:07-CV-965-T-27EAJ (M.D.

Fla.) (Ex. 1 hereto) (staying all proceedings and dismissing motion to remand without prejudice to renew before transferee court); Order filed 6/14/2007 in *Demsky, et al. v. Merck & Co., et al.,* Case No. CV 07-2839 (FMC) (PJWx) (C.D. Cal.) (Ex. 2 hereto); Minute Orders dated 4/12/2007 and 5/15/2007 in *Walla v. Merck & Co., et al.,* Case No. 07-C-1864 (N.D. Ill.) (same); (Ex. 3 hereto); Order filed 2/7/2007 in *Bogard, et al., v. Merck & Co., Inc., et al.,* Case No. C-06-6917 SC (N.D. Cal.) (same) (Ex. 4 hereto); Order filed 2/2/2007 in *Ferraro et al. v. Merck & Co., et al.,* Case No. CV 06-7733 (FMC) (PJWx) (C.D. Cal.) (same) (Ex. 5 hereto); Order filed 12/7/2006 in *Clayton, et al. v. Merck & Co., et al.,* Case No. CV 06-6398 (FMC) (PJWx) (C.D. Cal.) (same) (Ex. 6 hereto); Order filed 12/6/2006 in *Morris, et al. v. Merck & Co., et al.,* Case No. CV 06-5587 (FMC) (PJWx) (C.D. Cal.) (same) (Ex. 7 hereto); *see also* Order filed 3/16/2007 in *Potgeiter v. Merck & Co., Inc.,* Case No. 07-cv-00002-DMC-MF (D.N.J.) (staying case pending transfer, where motion to remand had been filed) (Ex. 8 hereto); Order filed 2/2/2007 in *Goya v. Merck & Co., et al.,* Case No. 06-CV-2574 H (AJB) (S.D. Cal.) (deferring decision on motion to remand for 60 days while MDL Panel addresses transfer issues) (Ex. 9 hereto); Order filed 11/01/2006 in *Purdy, et al., v. Merck & Co., et al.,* Case No. 2:06-cv-223-KS-MTP (S.D. Miss) (staying case pending transfer, where motion to remand was filed) (Ex. 10 hereto). Each of the cases cited above has been transferred to the Fosamax MDL proceedings, and all remand issues will be addressed by the transferee court.

Case Management Order No. 14 in the Fosamax MDL proceedings, provides a schedule for quickly addressing motions to remand filed before Judge Keenan after a case is transferred. *See* Case Management Order No. 14, dated 12/27/2007, Case No. 06-MD-1789 (JFK) (S.D.N.Y.) (Ex. 11 hereto). Under the terms of this Order, briefing on remand for all cases transferred prior to March 1, 2008 will be complete by May 2, 2008 and ripe for consideration by Judge Keenan.

Plaintiff filed this case in Alabama state court and served Merck on December 26, 2007. Merck removed the case to this Court on January 18, 2008, and Merck informed the MDL Panel of this action in a tag-along letter dated January 23, 2008. On January 25, 2008, this Court entered an Order requiring the parties to show cause why this action should not be stayed pending transfer to the MDL proceedings. Plaintiff filed her Motion to Remand shortly thereafter on the same day. On January 31, 2008, the MDL Panel issued Conditional Transfer Order No. 47, providing for the transfer of this case to the Fosamax MDL proceedings. *See* Conditional Transfer Order No. 47, MDL No. 1789 (J.P.M.L.) (Ex. 12 hereto).

## **FACTUAL BACKGROUND**

### A.    **The Plaintiff's Complaint.**

Plaintiff alleges that she suffered osteonecrosis of the jaw and other ailments as a result of taking Fosamax prescribed by her physician. Complaint ¶¶ 12, 17-18; Br. Supp. Plf's Mot. to Remand at 3. Plaintiff claims that she "was caused to suffer injuries and damages as a direct and proximate result of using FOSAMAX," *id.*, that she "was required to, and did employ physicians to examine, treat, and care for her," and "incurred and will continue to incur expenses as a result of using FOSAMAX." *Id.* ¶ 13. Plaintiff not only seeks compensatory damages for these injuries, but also seeks punitive damages "in an amount sufficiently large to be an example to others, and to deter these Defendants and others from engaging in similar conduct in the future." *Id.* ¶ 26. Plaintiff has not in any way limited the amount of her potential recovery in this case.

The Plaintiff is a resident of Alabama, and Merck is a resident of New Jersey. *Id.* ¶¶ 1-2. In an effort to defeat this Court's diversity jurisdiction, the Plaintiff attempts to assert claims against four employees of Merck, Defendants Julie Melton, Carol James, Michael Beck, and Sheila Davis ("the Employee Defendants"), who reside in Alabama, but who have no connection

to the Plaintiff or her alleged injuries.

While Plaintiff generally alleges that the Employee Defendants marketed and distributed Fosamax, Complaint ¶ 6-7, she does not present any specific allegation to support a claim that any of them at any time influenced her physician's decision to prescribe Fosamax for her. Instead, Plaintiff presents only a laundry list of conclusory and generalized assertions, such as claims "[o]n information and belief" that the Employee Defendants "encouraged the use of this drug in improper customers, misrepresented the safety and effectiveness of this drug, and concealed or understated its dangerous side effects." *Id.* Based upon these generalized allegations, the Employee Defendants are lumped in with Defendant Merck on each count of the Complaint.

**B.    The Role of the Professional Representative at Merck.**

The job of a "Professional Representative" at Merck is to make physicians aware of the benefits and limitations of certain Merck products, so the physician may consider whether to prescribe such products for particular patients. *See, e.g.,* Declaration of Michael Beck at ¶¶ 3-6 ("Beck Decl.") (Ex. 13 hereto). Among other things, Professional Representatives visit physicians' and healthcare providers' offices and provide FDA-approved package inserts and other materials provided by Merck. *See id.* The FDA-approved labeling that detailers provide to physicians discloses the drug's pharmacological properties, indications and contraindications, and known side effects. Professional Representatives, however, have no control over the content of such labeling. *See id.* ¶ 3.

Other employees of Merck, and not Professional Representatives, create that labeling and submit it to the FDA for review. *See id.* No label may be used unless the FDA has approved it, based on the scientific evidence supplied by the drug manufacturer. *See* 21 U.S.C. § 355(a); 21 C.F.R. § 314.70. Professional Representatives do not and cannot evaluate the accuracy of the

labeling, they do not conduct independent research regarding Merck pharmaceutical products, and the information they receive concerning the Merck pharmaceutical products that they detail comes from Merck.  *See* Beck Decl. ¶ 3.

    **C.**    **The Employee Defendants.**

    Defendant Michael Beck is a Merck employee who has never spoken with Plaintiff or provided her with any information relating to Fosamax.  Beck Decl. ¶ 2, 7.  Mr. Beck is neither a physician nor a pharmacist, and he has never prescribed or filled a prescription for Fosamax.  *Id* ¶ 3.  Mr. Beck has had no involvement "at all with the manufacture, development, or testing of Fosamax"; he has never sold, offered to sell, or taken orders for the sale of Fosamax to patients; and he has never made any presentations to the public regarding Fosamax.  *Id.* ¶¶ 3, 5, 6 & 9.  Mr. Beck had no knowledge relating to any alleged association between Fosamax and osteonecrosis of the jaw beyond what was stated in the prescribing information and materials provided to him by Merck, and he "made no knowing misrepresentations concerning the safety or efficacy of Fosamax and acted in good faith at all times in [his] dealings with physicians who may have prescribed Fosamax."  *Id.* ¶¶ 4, 7.

    Defendant Carol James is an employee of Merck who also has never spoken with Plaintiff or provided her with any information relating to Fosamax.  Declaration of Carol James ¶ 6 ("James Decl.") (Ex. 14 hereto).  Ms. James has never been assigned any job duties of any sort relating to the promotion of Fosamax.  *Id.* ¶ 2.  She is neither a physician nor a pharmacist, and she has never prescribed or filled a prescription for Fosamax.  *Id* ¶ 3.  Ms. James has had no involvement "at all with the manufacture, development, or testing of Fosamax," has never sold, offered to sell, or taken orders for the sale of Fosamax to patients, and has never made any presentations to the public regarding Fosamax.  *Id.* ¶¶ 4, 5.

    The other two defendants, Julie Melton and Shelia Davis, have not yet been served and

may be ignored for purposes of determining the propriety of removal. Their testimony, however, is the same as that presented by Mr. Beck in all material respects. *See* Declaration of Sheila Davis ¶¶ 2, 4-8 ("Davis Decl.") (Ex. 15 hereto); Declaration of Julie Melton ¶¶ 2-7 ("Melton Decl.") (Ex. 16 hereto).

The Plaintiff does not allege that any of the Employee Defendants ever made any representations about Fosamax directly to Plaintiff, and she does not identify any specific alleged misrepresentation that was supposedly made to her physician. Instead, Plaintiff alleges only in general terms that the Employee Defendants acted as sales representatives for Merck in the State of Alabama.

## ARGUMENT

### I.    This Action Should Be Stayed.

This action should be stayed pending the transfer of this case to the Fosamax MDL proceedings. "The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings," *In re Vioxx Products Liab. Litig.*, 360 F. Supp. 2d 1352 (Jud. Pan. Mult. Lit. 2005), and "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). A brief delay in this case, while this case is transferred to the MDL proceedings, will serve the interests of judicial economy and will not prejudice any of the parties. *See id.* at 1362.

The transferee court, as part of the Fosamax MDL proceedings, will address remand issues in many of the cases before it, and numerous such cases have been stayed and transferred to the Fosamax MDL proceedings so that plaintiffs' remand arguments can be addressed in a

coordinated fashion. The Stay Orders at Exhibits 1 through 9 all stayed cases in which Motions to Remand had been filed, and each of those cases has been transferred to the Fosamax MDL proceedings. Case Management Order No. 14 issued in the Fosamax MDL proceedings has explicitly addressed the procedures to coordinate the filing of motions to remand with the transferee court.

Given the fact that these same issues are being and will be raised in other Fosamax cases that are or will be part of the Fosamax MDL proceedings, including cases seeking to fraudulently join Merck employees, pharmacies, and distributors as defendants in an effort to defeat diversity, this Court should stay any decision on Plaintiff's motion to remand, pending the transfer of this action to multidistrict proceedings.

## II.   There Is Complete Diversity Of Citizenship Because The Employee Defendants Have Been Fraudulently Joined.

If the Court were to address the merits of the Motion to Remand, it should be denied. There is complete diversity between Merck and Plaintiff, and the Employee Defendants are fraudulently joined because no specific allegations have been pled to support any claims against them, and because Alabama law does not recognize any cause of action against the Employee Defendants under the sparse, generalized facts pled in the Complaint.

### A.   The Employee Defendants Are Fraudulently Joined Because There Are No Specific Allegations Pled To Support Any Claims Against Them.

The doctrine of fraudulent joinder "prevents plaintiffs from defeating federal diversity jurisdiction by simply naming in-state defendants." *Gordon v. Pfizer, Inc.*, 2006 WL 2337002, at *3 (N.D. Ala. May 22, 2006). As the Eleventh Circuit has recently observed, "there are dozens of district court decisions finding that [pharmaceutical] sales representatives were fraudulently joined as defendants to defeat federal diversity jurisdiction." *Legg v. Wyeth*, 428 F.3d 1317,

1320 (11th Cir. 2005);[1] *see also Heritage Bank v. Redcom Labs, Inc.,* 250 F.3d 319, 323 (5th Cir. 2001) (holding that diversity jurisdiction is not defeated where a non-diverse defendant has been fraudulently joined).

While a defendant is fraudulently joined when there "no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant," *Triggs. v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998), this standard requires that a plaintiff show a reasonable basis for her claims. As the Eleventh Circuit stated in *Legg*, *supra*, "[t]he potential for legal liability must be reasonable, not merely theoretical." *Legg*, 428 F.3d at 1325 n.5 (also stating that "[s]urely, as in other instances, reason and common sense have some role") (internal citations and quotations omitted); *see also In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 280 n.4 (S.D.N.Y. 2001) (observing that language referring to "no possibility" of a claim should not be taken literally; "the standard more accurately is described as requiring a showing that there is 'no reasonable basis' for predicating liability on the claims alleged") ("Rezulin I"). As the Eleventh Circuit stated in *Crowe v. Coleman*, Plaintiff must present an "arguable claim against an in-state defendant," including "a reasonable basis for predicting that the state law might impose liability on the facts involved." 113 F.3d 1536, 1540 (11th Cir. 1997) (internal quotation omitted, emphasis omitted); *see also Legg*, 428 F.3d at 1324-25 (finding defendant sales representatives to have been fraudulently joined where there was no "reasonable possibility" that the Alabama courts would impose liability).

---

[1] There is no merit to Plaintiff's assertion that the Eleventh Circuit's ruling in *Legg v. Wyeth*, 428 F.3d 1317 (11th Cir. 2005), does not apply in this case. The Eleventh Circuit made it very plain in *Legg* that it grounded its decision that the District Court had abused its discretion in awarding attorneys fees on the fact that the underlying removal was meritorious, and the defendant sales representatives had been fraudulently joined because there was no "reasonable possibility" that the Plaintiffs could state a claim against them. *See id.* at 1323-24 (repeatedly holding that there was no "reasonable possibility" that the plaintiffs had stated a cause of action against the sales representatives under the different theories alleged").

-9-

In determining whether a defendant has been fraudulently joined, the Court is *not* required to accept a complaint's sweeping, nonspecific, and conclusory allegations. To the contrary, where a defendant presents affidavits that are not disputed with factual proof, "the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." *Legg*, 428 F.3d at 1323. The Court must not, "*in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" *Id.* (quoting *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000)) (emphasis in original).

Plaintiff makes only cursory and nonspecific allegations with respect to the Employee Defendants. While Plaintiff generally alleges that the Employee Defendants marketed and distributed Fosamax, Complaint ¶ 6-7, Plaintiff does not at any time specifically allege that any of them influenced her physician's decision to prescribe Fosamax for her and does not identify any specific overstatement or misrepresentation that any individual defendant allegedly made. Instead, Plaintiff presents only a laundry list of conclusory and generalized assertions, such as claims "[o]n information and belief" that the Employee Defendants "encouraged the use of this drug in improper customers, misrepresented the safety and effectiveness of this drug, and concealed or understated its dangerous side effects." *Id.*

Based upon such generalized allegations, the Employee Defendants have been lumped in with Merck under each count of the Complaint. Such generalized and non-specific allegations are not sufficient to properly join any of the Employee Defendants to this lawsuit. *See, e.g., Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (finding in-state defendant fraudulently joined where plaintiff refers to the in-state defendant only in passing and directs specific allegations towards the diverse defendants); *see also Tillman v. RJ Reynolds Tobacco,*

-10-

253 F.3d 1302, 1305 (11th Cir. 2001) (non-diverse employee defendants fraudulently joined

"where plaintiff failed to tie these defendants to the underlying allegations of the complaint"); *In

re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 140 (S.D.N.Y. 2001) ("*Rezulin II*")

(pharmaceutical representatives fraudulently joined due to general collective allegations

regarding "defendants"); *Lyons v. American Tobacco Co.*, No. Civ. A. 96-0881-BH-S,1997 WL

809677, at *5 (S.D. Ala. Sept. 30, 1997) (holding that there is "no better admission of fraudulent

joinder of [the resident defendants]" than the failure of the plaintiff "to set forth any specific

factual allegations" against them).

Plaintiff has not alleged, and cannot allege, that the individual Employee Defendants

personally participated in any alleged wrongdoing that related to her use of Fosamax.  *See, e.g.,*

*Kimmons v. IMC Fertilizer, Inc.*, 844 F. Supp. 738, 740 (M.D. Fla. 1994) (defendant fraudulently

joined where no allegations of personal participation were made).  This fact, by itself, is

sufficient to demonstrate that the Employee Defendants are fraudulently joined.

### B.    Defendants Are Fraudulently Joined Because None Of The Causes Of Action In The Complaint State Any Claim Against Them.

The Complaint contains causes of action for negligence (Count I), strict liability (Count

II), breach of express warranty (Count III), breach of implied warranty (Count IV), fraudulent

misrepresentation (Count V), and fraudulent concealment (Count VI).  None of these claims by

the Plaintiff creates a reasonable basis for liability against the Employee Defendants.

### 1.    Employee Defendants Cannot Be Held Liable Under a Theory of Negligence (Count I) or Strict Liability (Count II).

Counts I (Negligence) and II (Strict Liability) of Plaintiff's Complaint purport to state, in

general and conclusory terms, claims of negligence and strict liability against Merck and the

Employee Defendants arising from the design, manufacture, marketing, advertising, distribution

-11-

and/or sale of Fosamax.  Complaint ¶¶ 24, 28-35.  There is no reasonable basis for liability against any of the Employee Defendants with respect to these claims.

Under Alabama law, strict products liability claims are brought under the Alabama Extended Manufacturers' Liability Doctrine ("AEMLD").  *Casrell v. Altec Indus., Inc.*, 335 So. 2d 128, 130 (Ala. 1976).  This strict liability doctrine, however, only applies to a "manufacturer, or supplier, or seller."  *Id.* at 132.  Pharmaceutical sales representatives such as the Employee Defendants are not "sellers" under the AEMLD, but instead are merely agents of Merck..

In *Southern v. Pfizer, Inc.*, 471 F. Supp. 2d 1207 (N.D. Ala. 2006), the federal court for the Northern District of Alabama addressed this precise question and held that the pharmaceutical representatives in that case were fraudulently joined because, among other things, they were not "sellers" under the AEMLD.  *Id.* at 1215-16; *see also Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *6 (M.D. Ala. Dec. 19, 2005) (finding that there was no possibility that a claim could be brought under the AEMLD against a sales representative who sold a medical device); *see also Rezulin I*, 133 F. Supp. 2d at 288 (applying Alabama law, and opining that it would be contrary to the purpose and scope of the AEMLD to hold a pharmaceutical sales representative liable).

In particular, the Court in *Southern* found that no facts had been pled to "indicate even the possibility of certain necessary causal links indicating that [the sales representatives] knew that [the drug at issue] might be unsafe," or that the representatives "were trained to evade physicians' questions regarding the safety of the drug," or that the representatives had "knowledge of . . . alleged negative side effects."  *Southern*, 471 F.2d at 1216.  The same is true here.  No such facts have been pled in the complaint.  Mr. Beck, Ms. Davis and Ms. Melton have specifically stated that they had no knowledge regarding any alleged association between

-12-

Fosamax and osteonecrosis of the jaw beyond that set forth in the standard Merck labeling, and Ms. James never detailed Fosamax at all.  Beck Decl. ¶ 4; James Decl. ¶ 2; Davis Decl. ¶ 5; Melton Decl. ¶ 4.

The Employee Defendants also cannot be liable under theories of negligence or alleged negligent failure to warn.  Under Alabama law, the duty to warn runs from the manufacturer to the prescribing physician.  *Southern*, 471 F. Supp. 2d at 1217 (stating that "[p]ursuant to the learned intermediary doctrine," any duty to warn would be owed to plaintiff's prescribing physician by the manufacturer, and not by sales representatives); *Gordon*, 2006 WL 2337002, at *9 (same); *Bloodsworth*, 2005 WL 3470337, at *7 (same).

None of the Employee Defendants participated in the manufacture, development, testing or sale of Fosamax.  *See* James Decl. ¶ 4; Beck Decl. ¶ 5; Davis Decl. ¶ 6; Melton Decl. ¶ 5. Plaintiff does not allege that any of the Employee Defendants ever made any representations about Fosamax directly to Plaintiff, and each of the Employee Defendants who has presently been served has specifically stated that he or she did not provide such information.  *See* James Decl. ¶ 6; Beck Decl. ¶ 8; Davis Decl. ¶ 9; Melton Decl. ¶ 8.  Plaintiff has not stated any cause of action for negligence or strict liability against any of the Employee Defendants.

> **2.    The Employee Defendants Cannot Be Held Liable Under Theories of Express Warranty (Count III) or Implied Warranty (Count IV).**

Plaintiff has no reasonable basis for her claims for "breach of express warranty" (Count III) and "breach of implied warranty" (Count IV) against the Employee Defendants, for the same reasons that Plaintiff lacks any reasonable basis for her claims of negligence and strict liability. The individual Employee Defendants have not provided any "warranty" to Plaintiff either express or implied, and under Alabama law, "[a] breach of warranty claim is viable only against

-13-

the 'seller' of the goods," and sales representatives "are not 'sellers.'"  *Southern*, 471 F.Supp. 2d at 1218-19 (finding that no viable claims of breach of warranty had been pled against sales representatives, and that representatives were fraudulently joined); *Gordon*, 2006 WL 2337002, at *.  *See Johnson*, 114 F. Supp. 2d at 525 (rejecting similar claim after noting that "Plaintiffs have not cited any authority for the proposition that a sales representative, as opposed to the manufacturer of the product he or she was selling, would ever be liable as the warrantor of the product").

In addition, the Plaintiff has pled no facts to show that any of the individual Employee Defendants provided the Fosamax that was allegedly taken by Plaintiff.  As with claims of strict liability and negligence, breach of warranty requires proof of causation.  *Clark v. Allied Healthcare Products, Inc.*, 601 So.2d 902, 903 (Ala. 1992).

> **3.    The Employee Defendants Cannot Be Held Liable Under Theories of Fraudulent Misrepresentation (Count V) Or Fraudulent Concealment (Count VI).**

Plaintiff's claims for fraudulent misrepresentation (Count V) and fraudulent concealment (Count VI) are deficient because Plaintiff has not alleged any facts to show that the Employee Defendants, independently from Merck, made any misrepresentation to Plaintiff or her prescribing physicians, or had any duty to provide information.

A claim for fraud requires, at a minimum, the identification of a particular statement alleged to be a misrepresentation.  *Drummond Co. v. Walter Indus.*, 962 So.2d 753, 787-88 (Ala. 2006).  Plaintiff has failed to identify any specific statement made by any of the Employee Defendants.

Nor has the Plaintiff pled any basis for "fraudulent concealment," which may only arise where a defendant has a duty to disclose a particular fact to the plaintiff, and intentionally fails to

do so. *Houston County Health Care Auth. v. Williams*, 961 So.2d 795, 813 (Ala. 2006). The Complaint is devoid of any allegation of trust or confidence between Plaintiff and any Employee Defendant, as would be required to create such a duty. *See State Farm Fire & Cas. Co. v. Owen*, 729 So. 2d 834, 842-43 (Ala. 1998). Indeed, it is clear under Alabama law that individual sales representatives do *not* have a duty to warn, as discussed above with respect to Counts I and II. *See Southern*, 471 F. Supp. 2d at 1218 (stating that "[a]s a matter of law" sales representatives could not be liable for fraudulent misrepresentation where they "had no duty to disclose any information" to plaintiff); *Gordon*, 2006 WL 2337002, at *2-3; *Bloodsworth*, 2005 WL 3470337, at *8-9.

Plaintiff's misrepresentation and fraud claims are also deficient because Plaintiff has failed to plead the claims with the particularity required by Alabama law. *See Drummond Co.*, 962 So.2d at 787; *Rezulin I*, 133 F. Supp. 2d at 183-84 (finding in-state defendants fraudulently joined due to plaintiff's failure to plead fraud claims with particularity). Because Plaintiff's claim against the Employee Defendants are pled only in vague and non-specific terms, these claims must be rejected as meritless by this Court.

**4.    Even if a Theoretical Claim for Negligence or Fraud Could be Brought Against the Employee Defendants, Here the Undisputed Facts Cause the Claims to Fail.**

The Declarations of the Employee Defendants in this case establish that they have been fraudulently joined. *See generally Badon v. RJR Nabisco, Inc.*, 224 F.3d at 293 (undisputed affidavits are sufficient to establish fraudulent joinder); *Legg*, 428 F.3d at 1322-23 (to the same effect). None of the Employee Defendants in this case ever had any information relating to osteonecrosis of the jaw beyond the contents of the FDA approved Fosamax labeling. *See, e.g.,* Beck Decl. ¶ 4; Davis Decl. ¶ 5; Melton Decl. ¶ 4; *see also* James Decl. ¶ 2 (no responsibilities relating to Fosamax at all). The approved FDA labeling, which Professional Representatives

-15-

provide to physicians, discloses a drug's pharmacological properties, indications and contraindications, and known side effects, and Professional Representatives have no control over the content of such labeling. *See* Beck Decl. ¶ 3; Davis Decl. ¶ 4; Melton Decl. ¶ 3. Professional Representatives, such as the Employee Defendants, do not evaluate the accuracy of the labeling; they do not conduct independent research regarding Merck pharmaceutical products; and they receive their information concerning the Merck products that they discuss from Merck. *See id.*

Because none of the Employee Defendants had any independent knowledge regarding any alleged association between Fosamax and osteonecrosis of the jaw, the Employee Defendants cannot be liable under a theory of negligence, fraudulent misrepresentation, or fraudulent concealment. *See Legg,* 428 F.3d at 1324 (without evidence that pharmaceutical representative knew of the risk about which plaintiffs complained, apart from the knowledge provided by the pharmaceutical company, pharmaceutical representative cannot be held personally liable—"'those who are only conduits through which faulty information is supplied by one person to a third person cannot be held liable for fraud unless they acted in bad faith'")*; Gordon v. Pfizer*, 2006 WL 2337002, at *6 ("Without any competent evidence that [the pharmaceutical sales representative] made knowing misrepresentations or acted in bad faith— and particularly in light of [his] statement that he had no specialized knowledge about Bextra and relied entirely on information provided to him by Pfizer—there is "no reasonable possibility" that an Alabama court would conclude that he is liable for fraud or misrepresentation"); *see also Montgomery Rubber & Gasket Co. v. Belmont Mach. Co.,* 308 F.Supp.2d 1293, 1298 (M.D.Ala.2004) (finding agent defendant was, at most, an innocent conduit and thus plaintiff could not maintain fraud claim against him when plaintiff did not allege agent "made any representations whatsoever to [plaintiff]" or "had any knowledge of the [alleged

misrepresentation]").

In fact, the complete lack of any basis for Plaintiff's claims is shown in her claims against Defendant Carol James. Ms. James has never been assigned any responsibilities by Merck *whatsoever* with respect to the promotion of Fosamax. James Decl. ¶ 2. At no time did she ever promote Fosamax or provide information concerning Fosamax to any physician or pharmacist. *Id.* In *Legg*, the Eleventh Circuit found claims such as those made against Ms. James to be "astonishing." *Legg*, 428 F.3d at 1324 (stating, "[a]tonishingly, the Plaintiffs make this allegation against *all* the individual Defendants, including Stacy Stubblefield, who swore under oath that he never promoted or sold Redux"). The Declarations submitted in this case, which are not rebutted by any factual proof presented by the Plaintiffs, demonstrate that the Employee Defendants are fraudulently joined.

## III. Removal Was Proper Because The Amount In Controversy In This Case Exceeds $75,000.

The Plaintiff is wrong to claim that there is no "proof" that her claims place more than $75,000 in controversy. This Court has jurisdiction so long as it determines that it is more likely than not that the Plaintiff's claims, if successful, contain a range of recovery that likely exceeds the Court's $75,000 jurisdictional minimum. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996); *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546 (2005). This test can be met solely on the basis of the facts alleged in the Complaint. *See Lamke v. Sunstate Equip. Co., LLC*, 319 F.Supp. 2d 1029 (N.D. Cal. 2004) (stating that jurisdiction exists where it is "'facially apparent' from the complaint" that the required amount was in controversy). Based upon the Complaint alone, it is plain that Plaintiff seeks to recover more than $75,000, and the Court's jurisdictional threshold has been reached. Even if that were not

-17-

true, which it is, it would be appropriate to order discovery on this issue, not to grant Plaintiff's motion to remand.

Plaintiff should not be permitted to avoid removal through artful pleading "that would artificially minimize the damages at issue for purposes of federal jurisdiction yet permit recovery of higher damages in state court." *Kobaissi v. American Country Ins. Co.,* 80 F.Supp.2d 488, 490 (E.D. Pa. 2000); *see also In re Baycol Prod. Liab. Litig.*, 2003 W.L. 24230031 (D. Minn. Dec. 12, 2003) (stating, "[w]hat is required to prevent removal is a binding stipulation or affidavit . . . filed at the time of the complaint, and signed by the plaintiffs agreeing to be so bound," and citing numerous cases); *In re Diet Drugs Prod. Liab. Litig.,* 2000 WL 556602, at *3-4 (E.D. Pa. April 25, 2000) (denying remand despite complaint's express allegation that damages did not exceed $75,000).

For this reason, federal courts have repeatedly found that plaintiffs' allegations of personal injuries and emotional damages were sufficient, by themselves, to demonstrate that more than $75,000 was in controversy. *See, e.g, In re Baycol Prods. Liab. Litig.*, 2003 WL 24229818, at *1-2 (D. Minn. Dec. 12, 2003) (finding that claims seeking compensatory and punitive damages for transient muscle pain and emotional distress "easily exceed[ed]" the minimum amount in controversy); *Ashworth v. Albers Med., Inc.*, 395 F. Supp. 2d 395, 414 (W.D. W. Va. 2005) (finding that claims that plaintiff consumed counterfeit drugs and suffered high triglyceride levels, leading to claims of emotional and physical injury, satisfied amount in controversy); *Tauzier v. Dodge*, 1998 WL 227170, at *2 (E.D. La. May 5, 1998) (rejecting claim that amount in controversy was not satisfied where, "[a]lthough plaintiff's demand did not specify the amount of her damages, the injuries for which she sought damages plainly suggest that the jurisdictional amount is present").

It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. This is a personal injury case seeking an unlimited amount of money, as well as punitive damages. In her Brief in Support of her Motion to Remand, Plaintiff states that she was hospitalized with an infection in her jawbone and "was diagnosed with osteonecrosis of the jaw" as a result of taking Fosamax. Plf's Br. Supp. Mot. to Remand, at 3. She states that she suffered "severe pain and emotional distress," and describes her experience with osteonecrosis of the jaw as a "debilitating jaw condition" that will requiring ongoing medical care. *Id.*; *see also* Complaint ¶¶ 12-13, 17. The Plaintiff's request for compensatory damages, by itself, places more than $75,000 in controversy.

The Court, however, must also add the amount of punitive damages sought by Plaintiff to her compensatory damage claims. *See Bell v. Preferred Life Assur. Soc. of Montg., Ala.*, 320 U.S. 238 (1943); *Campbell v. Bridgestone/Firestone, Inc.*, 2006 W.L. 707291, at *1 (E.D. Cal. Mar. 17, 2006). Plaintiff's request for punitive damages "in an amount sufficiently large to be an example to others, and to deter these Defendants and others from engaging in similar conduct in the future" demonstrates her intention to seek large punitive damages. Complaint ¶ 26. On their face, such allegations by themselves show that the Plaintiff seeks more than $75,000 in this case, and that this Court has jurisdiction.

In numerous reported cases, jaw injuries or similar facial injuries have resulted in awards far in excess of $75,000. *See, e.g., Preston v. Dupont*, 35 P.3d 433 (Colo. 2001) (addressing jury award of more than $250,000 for damage to alveolar nerve in jaw); *Bowers v. Liuzza*, 769 So.2d 88 (La. Ct. App.), *writ. denied*, 776 So.2d 468 (La. 2000) (finding that minimum adequate damage award for nerve damage in jaw was more than $175,000); *Herpin v. Witherspoon*, 664 So.2d 515 (La. Ct. App. 1995) (plaintiff entitled to receive more than $75,000 as a result of

-19-

temporomandibular joint dysfunction); *Becker v. Halliday*, 554 N.W. 2d 67 (Mich. Ct. App. 1996) (addressing jury award of $200,000 where syringe lodged in upper jaw); *Becker v. Woods*, 806 N.Y.S.2d 704 (N.Y. App. Div. 2005) (affirming jury award of $840,000 where dental patient suffered from permanent paresthesia); *Howie v. Walsh*, 609 S.E.2d 249 (N.C. Ct. App. 2005) (addressing jury award of $300,000 where dentist fractured patient's jaw); *Washburn v. Holbrook*, 806 P.2d 702 (Or. Ct. App. 1991) (affirming jury award of $400,000 in damages as a result of damage to jaw during root canal).

"Osteonecrosis" refers to the "death of bone tissue." *Pascalli v. O'Grady*, 2007 WL 3124709, at *1 n.2 (D.N.J. Oct. 23, 2007). Although osteonecrosis of the jaw is a relatively new condition, there are numerous previous cases in which more than $75,000 has been awarded to plaintiffs alleging claims based on osteonecrosis (also called "avascular necrosis") of the hip, knee, or other joint. *See, e.g., Collier v. Cawthon*, 570 S.E.2d 53 (Ga. App. 2002) (affirming jury award of $170,000 for avascular necrosis of the hip); *Piselli v. 75th Street Medical*, 808 A.2d 508 (Md. 2002) (addressing malpractice award of $410,000 for avascular necrosis of the hip); *Shaver v. United States*, 319 F.Supp. 2d 649 (M.D.N.C. 2004) (awarding more than $75,000 in damages for osteonecrosis in knee); *Barbee v. United States*, 2005 W.L. 3336504, at *1-2 (W.D. Wis. 2006) (finding that plaintiff suffered nearly $700,000 in damages for hip injuries that included avascular necrosis). Based on the facts alleged by the Plaintiff, and in light of such prior, similar verdicts, there is no merit whatsoever to the Plaintiff's claim that the jurisdictional amount in this case has not been met.

## IV.  The Employee Defendants Need Not Consent To Or Join In The Removal Of This Case.

Plaintiff's final effort to avoid removal of this case is equally meritless. The Plaintiff admits that even the cases that *she* cites hold that "a fraudulently joined Defendant need not join

-20-

in the removal action." Br. Supp. Plf's Mot. Remand, at 29 (citing *Clay*, 77 F. Supp. 2d at 1223 n.3). Indeed, it is well-settled that co-defendants who are improperly joined need not consent to removal. *See United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983); *Kimmons v. IMC Fertilizer, Inc.*, 844 F. Supp. 738, 740 (M.D. Fla. 1994). For all of the reasons discussed in part II above, the Employee Defendants are fraudulently joined in this action. They were neither required to consent nor to join in the removal of this case.

## CONCLUSION

For all of the foregoing reasons, this Court should stay any decision on Plaintiff's Motion to Remand until the transfer of this case to the Fosamax MDL proceedings. If the Court does address the Motion to Remand, that motion should be denied.

Respectfully submitted,

*/s/ Ben C. Wilson*
BEN C. WILSON
One of the Attorneys for Defendant,
Merck & Co., Inc.

OF COUNSEL:
Robert C. "Mike" Brock
F. Chadwick Morriss
Ben C. Wilson
RUSHTON, STAKELY, JOHNSTON, & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
rcb@rsjg.com
fcm@rsjg.com
bcw@rsjg.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 15th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record, including:

> E. Frank Woodson, Esq.
> Leigh O'Dell
> Wesley Chadwick Cook
> Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
> Post Office Box 4160
> Montgomery, Alabama 36103-4160
>
> *Attorneys for Plaintiff.*

> */s/ Ben C. Wilson*
> OF COUNSEL

-22-

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY ANDERSON,

        Plaintiff,

vs.                                                Case No. 8:07-CV-965-T-27EAJ

BRITE DENTAL CORPORATION d/b/a
CREATIVE DENTAL CARE, *et al.*,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Merck & Co., Inc.'s Motion to Stay Proceedings Pending Transfer to Multidistrict Litigation (Dkt. 6) [1] Upon consideration, it is

**ORDERED AND ADJUDGED** that Defendant Merck & Co., Inc.'s Motion to Stay Proceedings Pending Transfer to Multidistrict Litigation (Dkt. 6) is **GRANTED** and this case is **STAYED** pending a decision by the Multidistrict Litigation Court on whether this action should be transferred. "[T]he [Judicial Panel on Multidistrict Litigation "JPML"] has the power to transfer cases with motions to remand pending and the district courts have discretion to stay actions pending decisions of the JPML even where jurisdictional questions exist." *Falgoust v. Microsoft Corporation*, 2000 WL 462919, *2 (E.D. La. 2000); *see also, In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, (citations omitted) that objection to be resolved by transferee court"); *Medical Society of the State of New York v. Connecticut General Corp.*, 187 F. Supp. 2d 89, 91 (S.D. N.Y. 2001) ("it is equally within this Court's power to decline to decide a motion which challenges this Court's subject matter jurisdiction while awaiting the MDL Panel's decision on transfer"); *In re Asbestos Products Liability*

---

[1] Merck represents that the other defendants consent to the stay, but Plaintiff objects to it. (Dkt. 6, p. 8). Plaintiff did not file a response to Defendant's motion to stay.

*Litigation*, 170 F. Supp. 2d 1348, 1349 n.1 (Jud Pn Mult Lit. 2001) (holding district court judge has

the authority to either wait for a transfer order without ruling on a motion to remand, or to rule on

the motion before a transfer order has been issued).

Consistency and economy would be served by resolution of the removal issues by a single

court after transfer by the JPML because other Fosamax cases may involve the same issues. *See*

*Moore v. Wyeth-Ayerst Laboratories*, 2002 WL 31558416 (D. Md. 2002) (deferring consideration

of motion to remand and staying pretrial proceedings pending transfer to *In re Diet Drugs* because

the "transferee court has experience deciding motions to remand in this case involving pharmacies,

and has intimate familiarity with the issues involving products liability claims arising from the use

of Pondimin"); *see also, Falgoust*, 2000 WL 462919 at *1 (staying action pending JPML transfer

despite motion to remand because the case "present[ed] questions of fact similar to the other actions

pending before the JPML" and because "the same jurisdictional question raised" had been raised

before and in the future would likely be raised in other cases pending against the defendant in other

districts).

In the event that the JPML determines that transfer of this case is not warranted, Plaintiff may

renew her motion to remand with this Court. The interests of judicial economy are best served by

staying this action until the JPML makes a transfer determination. The Clerk is directed to

administratively close this case and deny all pending motions as moot.

**DONE AND ORDERED** in chambers this ⟨6⟩ th day of July, 2007.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

2

**EXHIBIT 2**



P Send

FILED
CLERK, U.S. DISTRICT COURT

JUN 1 4 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JERI DEMSKY, et al., | ) | CV 07-2839 FMC (PJWx) |
| | ) | ORDER GRANTING DEFENDANT'S |
| Plaintiffs, | ) | MOTION TO STAY AND DENYING |
| | ) | PLAINTIFFS' MOTION TO REMAND |
| vs. | ) | |
| | ) | |
| MERCK & CO., INC., a New Jersey | ) | |
| Corporation; McKESSON | ) | |
| CORPORATION, a Delaware | ) | |
| corporation; DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

#14

DOCKETED ON CM
entered
JUN 1 4 2007
BY _____ 085

    This matter is before the Court on Defendant Merck & Co., Inc.'s unopposed Motion to Stay Proceedings (docket no. 11) and Plaintiffs' Motion to Remand to State Court (docket no. 13), filed on May 24, 2007, and May 29, 2007, respectively. The Court has considered the documents submitted in connection with the motions and deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78, Local Rule 7-15. Accordingly, the hearings set for June 18, 2007, and

1  July 2, 2007, are removed from the Court's calendar. For the reasons and in the
2  manner set forth below, the Court **GRANTS** Defendant's Motion to Stay and
3  **DENIES** Plaintiffs' Motion to Remand without prejudice to the filing of a renewed
4  motion in the event that the Judicial Panel on Multidistrict Litigation (JPML) does
5  not transfer this case to Multidistrict Litigation (MDL) No. 1789, *In Re: Fosamax*
6  *Prods. Liab. Litig.*

7  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

8  Plaintiffs took the prescription drug Fosamax, which is manufactured and sold
9  by Defendant Merck & Co., Inc. (Merck) and distributed by Defendant McKesson
10  Corporation (McKesson). Plaintiffs filed their Complaint in the Superior Court for
11  the State of California, County of Los Angeles, on April 18, 2007. Plaintiffs allege,
12  *inter alia*, that Defendants misrepresented (affirmatively and through a failure to
13  warn) that Fosamax was a safe and effective treatment for osteoporosis, Paget's
14  Disease, and other conditions. Plaintiffs further allege that, as a proximate result of
15  ingesting Fosamax, they have been permanently and severely injured.

16  On April 30, 2007, Defendant Merck removed the action to this Court on the
17  basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson, a
18  California citizen, is fraudulently joined. In their motion to remand, Plaintiffs argue
19  that joinder was proper. In its Motion for Stay, Merck maintains that resolution of
20  the question of the propriety of Plaintiffs' joinder of McKesson should be deferred
21  pending transfer of this action to the MDL proceedings in *In Re Fosamax Prods.*
22  *Liab. Litig.*, and that all other proceedings in this action should be stayed until such
23  time.

24  **STANDARD OF LAW**

25  "A trial court may, with propriety, find it is efficient for its own docket and the
26  fairest course for the parties to enter a stay of an action before it, pending resolution
27  of independent proceedings which bear upon the case." *Leyva v. Certified Grocers*

2

1  *of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. North*
2  *American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936) ("[T]he power
3  to stay proceedings is incidental to the power inherent in every court to control the
4  disposition of the causes on its docket with economy of time and effort for itself, for
5  counsel, and for litigants.").

6                                   **DISCUSSION**

7       A stay of all proceedings until such time as the JPML renders its final
8  decision regarding transfer is in the interest of judicial economy. A steady succession
9  of cases involving the drug Fosamax are being filed in this district and other districts
10 throughout the country and are awaiting transfer to the MDL proceedings.[1] Given the
11 similarity of this litigation to other recent pharmaceutical products liability litigation,
12 the Court finds that there are likely to be many more cases (in this district or
13 otherwise) that present the precise question of the propriety of joinder of Defendant
14 McKesson and/or other "distributor" defendants. Consideration of Plaintiffs' remand
15 motion by this Court at this juncture would therefore run the risk of inconsistent
16 rulings among different judges in different districts and/or would constitute an
17 inefficient use of judicial resources. *Cf. Stempien v. Eli Lilly & Co.*, 2006 U.S. Dist.
18 LEXIS 28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs'
19 motion to relate all Zyprexa cases naming McKesson Corporation in this district,
20 judges in other California districts would nonetheless have to decide the issue, thus
21 resulting in unnecessarily duplicative litigation, an inefficient use of judicial
22 resources, and the risk of inconsistent results.").

23
24
25      [1] According to the JPML website, there are now 154 actions pending in MDL No. 1789, *In*
26 *Re: Fosamax Prods. Liab. Litig.* *See* http://www.jpml.uscourts.gov/ (follow "Pending MDLs," then
27 "Distribution of Pending MDL Dockets").

                                        3

**CONCLUSION**

1

2      Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay

3  Proceedings (docket no. 14) is **GRANTED**. Proceedings in this case are STAYED

4  until issuance of a final decision by the JPML regarding transfer or for sixty (60)

5  days, whichever is earlier.

6      Plaintiffs' Motion to Remand (docket no. 11) is **DENIED** without prejudice

7  to the filing of a renewed motion if transfer is denied.

8

9  **IT IS SO ORDERED.**

10  Dated: June /4, 2006

11

12

13

14                    FLORENCE-MARIE COOPER, JUDGE
                       UNITED STATES DISTRICT COURT

15

16

17

18

19

20

21

22

23

24

25

26

27

4

**EXHIBIT 3**

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1864 | **DATE** | 4/12/2007 |
| **CASE TITLE** | Walla vs. Merck & Co., Inc. et al | | |

**DOCKET ENTRY TEXT**

Defendant Merck & Co., Inc.'s motion to stay all proceedings before this Court is granted. Motion hearing set for 4/19/2007 is vacated. After a careful review of the pleadings in this recently removed lawsuit, this Court hereby dismisses said state court complaint without prejudice to the pending transfer to MDL No. 1789 and the filing of an appropriate amended federal complaint or motion to remand before the transferee judge.

| | Courtroom Deputy Initials: | DL |
|---|---|---|

07C1864 Walla vs. Merck & Co., Inc. Et al

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.0
### Eastern Division

Dianne Walla

        Plaintiff,

v.

              Case No.: 1:07−cv−01864
              Honorable Ruben Castillo

Merck & Co., Inc., et al.

        Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, May 15, 2007:

    MINUTE entry before Judge Ruben Castillo :Motion hearing held on 5/15/2007. Plaintiff's motion for remand [18] is denied without prejudice to its renewal before the transferee judge. Mailed notice(rao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*

**EXHIBIT 4**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNIFER BOGARD and ROBERT BOGARD, )    No. C-06-6917 SC
                      )
       Plaintiffs,         )
                      )    ORDER GRANTING
     v.                 )    DEFENDANT'S MOTION TO
                      )    STAY AND DENYING
MERCK & CO., INC., a New Jersey    )    PLAINTIFFS' MOTION TO
Corporation; McKESSON CORPORATION, )    REMAND
a Delaware Corporation; DOES 1-50, )
inclusive,                 )
                      )
       Defendants.        )
————————————————————)

## I.    INTRODUCTION

     Upon removing this action to federal court, Defendant Merck &
Co., Inc. ("Merck") filed a Notice of Pendency of Other Proceeding
and a Motion to Stay the Proceedings. See Docket Nos. 1, 3, 5.
Defendant seeks the stay in order to give the Judicial Panel on
Multidistrict Litigation ("JPML") the opportunity to transfer the
case to Multidistrict Litigation No. 1789, In Re: Fosamax Prods.
Liab. Litig. Plaintiffs Jennifer and Robert Bogard opposed
Merck's motion and filed a Motion to Remand. See Docket Nos. 9
and 10. For the reasons stated herein, the Court GRANTS
Defendant's Motion to Stay and DENIES Plaintiffs' Motion to Remand
without prejudice.

## II.    BACKGROUND

     Plaintiff Jennifer Bogard alleges that she ingested and was

1  injured by the prescription drug Fosamax, which is manufactured by

2  Merck and marketed, distributed, and sold by Defendant McKesson

3  Corporation ("McKesson"). See Complaint, Docket No. 10.

4  Plaintiffs filed suit in the California Superior Court for the

5  County of San Francisco. See Docket No. 10. Merck removed the

6  case to federal court on the basis of diversity jurisdiction, 28

7  U.S.C. § 1332, alleging that McKesson, a California citizen, was

8  fraudulently joined. See Docket No. 1.

9

10  **III. LEGAL STANDARD**

11      "[T]he power to stay proceedings is incidental to the power

12  inherent in every court to control the disposition of the causes

13  on its docket with economy of time and effort for itself, for

14  counsel, and for litigants." Landis v. North American Co., 299

15  U.S. 248, 254 (1936). "A trial court may, with propriety, find it

16  is efficient for its own docket and the fairest course for the

17  parties to enter a stay of an action before it, pending resolution

18  of independent proceedings which bear upon the case." Leyva v.

19  Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir.

20  1979).

21

22  **IV. DISCUSSION**

23      Appropriate grounds for transferring a case to multidistrict

24  litigation include promoting "the just and efficient conduct of

25  such actions." 28 U.S.C. § 1407(a). The issue of whether

26  McKesson was fraudulently joined in order to destroy federal

27  jurisdiction is identical to that posed in other Fosamax cases.

28                                    2

United States District Court
For the Northern District of California

1  See Tanzer Decl., Docket No. 17 (including an order from Morris v.
2  Merck & Co., Inc. et al., a case from the Central District of
3  California addressing the same issue and concluding that a stay
4  was appropriate). As the Morris court and others have concluded,
5  consideration of Plaintiffs' Motion to Remand and the issue of
6  fraudulent joinder outside the JPML would foster "unnecessarily
7  duplicative litigation, an inefficient use of judicial resources,
8  and the risk of inconsistent results." Stempien v. Eli Lilly and
9  Co., 2006 WL 1214836, at *1 (N.D. Cal., May 4, 2006) (discussing
10 the potentially fraudulent joinder of McKesson in the Zyprexa
11 litigation). In the interests of judicial economy, the best
12 results will be obtained by referring the case to Multidistrict
13 Litigation No. 1789, In Re: Fosamax Prods. Liab. Litig. for
14 resolution of this issue in coordinated pretrial proceedings.
15
16 **V.    CONCLUSION**
17     The Court GRANTS Defendant's Motion to Stay. All proceedings
18 in this case are STAYED until issuance of a final decision by the
19 JPML regarding transfer or for sixty (60) days, whichever is
20 earlier. In addition, the Court DENIES Plaintiffs' Motion to
21 Remand without prejudice to re-file in the event transfer is
22 unsuccessful.
23
24     IT IS SO ORDERED.
25
26     Dated: February 6, 2007
27                                        _____
28                                        UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3

**EXHIBIT 5**



P Send

DOCKETED ON CM
Entered
FEB - 2 2007
BY _____ 085

FILED
CLERK, U.S. DISTRICT COURT

FEB - 2 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| NANCY FERRARO, a single woman; LILLIE H. AUGERSON, a single woman; LUIGA MORRA, a single woman; EVELYN LACEY, a single woman; JERRY W. GRAHAM, a single woman; MINA A. HOLCOMB, a single woman, | ) ) ) ) ) ) ) ) | CV 06-7733 FMC (PJWx) ORDER GRANTING DEFENDANT'S MOTION TO STAY AND DENYING PLAINTIFFS' MOTION TO REMAND |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| MERCK & CO., INC., a New Jersey Corporation; McKESSON CORPORATION, a Delaware corporation; DOES 1-50 | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiffs' Motion to Remand to State Court (docket no. 11), and Defendant Merck & Co., Inc.'s Motion to Stay Proceedings (docket no. 14), filed on January 4, 2007, and January 11, 2007, respectively. The Court has considered the moving and opposition documents submitted in connection with the motions. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78, Local Rule 7-15. Accordingly, the hearing set for

1   February 5, 2007, is removed from the Court's calendar. For the reasons and in the
2   manner set forth below, the Court **GRANTS** Defendant's Motion to Stay and
3   **DENIES** Plaintiffs' Motion to Remand without prejudice to the filing of a renewed
4   motion in the event that the Judicial Panel on Multidistrict Litigation ("JPML") does
5   not transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax*
6   *Prods. Liab. Litig.*

7           **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

8           Plaintiffs Nancy Ferraro, Lillie H. Augerson, Luiga Morra, Evelyn Lacey,
9   Jerry W. Graham, and Mina A. Holcomb took the prescription drug Fosamax, which
10  is manufactured and sold by Defendant Merck & Co., Inc. ("Merck") and distributed
11  by Defendant McKesson Corporation ("McKesson"). Plaintiffs filed their Complaint
12  in the Superior Court for the State of California, County of Los Angeles, on
13  December 1, 2006. Plaintiffs allege, *inter alia*, that Defendants misrepresented
14  (affirmatively and through a failure to warn) that Fosamax was a safe and effective
15  treatment for osteoporosis, Paget's Disease, and other conditions. Plaintiffs further
16  allege that, as a proximate result of ingesting Fosamax, they have been permanently
17  and severely injured.

18          On December 6, 2006, Defendant Merck removed the action to this Court on
19  the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson,
20  a California citizen, is fraudulently joined. In their motion to remand, Plaintiffs
21  argue that joinder was proper. In its Opposition to the motion and in its separate
22  Motion for Stay, Merck maintains that resolution of the question of the propriety of
23  Plaintiffs' joinder of McKesson should be deferred pending transfer of this action
24  to the MDL proceedings in *In Re Fosamax Prods. Liab. Litig.*, and that all other

25
26
27

2

1  proceedings in this action should be stayed until such time.[1]  McKesson joins in

2  Merck's Opposition to the motion to remand and in the Motion to Stay in all

3  respects.

### STANDARD OF LAW

5    "A trial court may, with propriety, find it is efficient for its own docket and the

6  fairest course for the parties to enter a stay of an action before it, pending resolution

7  of independent proceedings which bear upon the case." *Leyva v. Certified Grocers*

8  *of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Landis v. North*

9  *American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163 (1936) ("[T]he power

10  to stay proceedings is incidental to the power inherent in every court to control the

11  disposition of the causes on its docket with economy of time and effort for itself, for

12  counsel, and for litigants.").

### DISCUSSION

14    A stay of all proceedings until such time as the JPML renders its final

15  decision regarding transfer is in the interest of judicial economy. A steady succession

16  of cases involving the drug Fosamax are being filed in this district and other districts

17  throughout the country and are awaiting transfer to the MDL proceedings.[2]  Given

18  the similarity of this litigation to other recent pharmaceutical products liability

19  litigation, the Court finds that there are likely to be many more cases (in this district

20  or otherwise) which present the precise question of the propriety of joinder of

21

22  [1]Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict

23  Litigation, the JMPL issued a Conditional Transfer Order on December 27, 2006. Plaintiffs were
   required to file a Motion to Vacate that Order on or before January 25, 2007. *See Request for*

24  *Judicial Notice in Support of Merck & Co., Inc.'s Opposition to Plaintiff's Motion to Remand,*
   Exhibits 3-4.

25    [2] According to the JPML website, there are now 77 actions pending in MDL No. 1789, *In Re:*

26  *Fosamax Prods. Liab. Litig. See* http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls.
   html (follow "Distribution of Pending MDL Dockets").

27

1  Defendant McKesson and/or other "distributor" defendants.[3] Consideration of

2  Plaintiffs' remand motion by this Court at this juncture would therefore run the risk

3  of inconsistent rulings between different judges in different districts and/or would

4  constitute an inefficient use of judicial resources. Cf. *Stempien v. Eli Lilly & Co.*,

5  2006 U.S. Dist. LEXIS 28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant

6  Plaintiffs' motion to relate all Zyprexa cases naming McKesson Corporation in this

7  district, judges in other California districts would nonetheless have to decide the

8  issue, thus resulting in unnecessarily duplicative litigation, an inefficient use of

9  judicial resources, and the risk of inconsistent results.").

10                       **CONCLUSION**

11      Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay

12  Proceedings (docket no. 14) is **GRANTED**. Proceedings in this case are STAYED

13  until issuance of a final decision by the JPML regarding transfer or for sixty (60)

14  days, whichever is earlier.

15  //

16  //

17  //

18  //

19  //

20

21     [3]As Defendants point out, two Fosamax cases which name both Merck and McKesson as

22  Defendants were recently removed (by Merck) to the district courts for the Northern and Southern Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s

23  Reply Memorandum in Support of Motion to Stay Proceedings, Exhibit 3. The Court takes judicial notice of the fact that Merck is raising the same issues of fraudulent joinder in those cases and has

24  filed a similar motion to stay proceedings pending possible transfer to the MDL action in the

25  Northern District case. *See* Fed. R. Civ. P. 201; *United States ex. rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice of

26  "proceedings in other courts, both within and without the federal judicial system, if those

27  proceedings have a direct relation to matters at issue.").

4

1     Plaintiffs' Motion to Remand (docket no. 11) is **DENIED** without prejudice

2 to the filing of a renewed motion if transfer is denied.

3

4 **IT IS SO ORDERED.**

5 Dated: February ⁄, 2006

6

7

8         FLORENCE-MARIE COOPER, JUDGE

9         UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**EXHIBIT 6**



```
        FILED
CLERK, U S  DISTRICT COURT

    DEC - 7 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY
```

1
2
3
4
5
6
7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10  ANNE E. CLAYTON,              )    CV 06-6398 FMC (PJWx)

11                                )    ORDER GRANTING DEFENDANT'S
                                       MOTION TO STAY AND DENYING
12              Plaintiff,        )    PLAINTIFF'S MOTION TO REMAND

    vs.                           )
13
    MERCK & CO., INC., a New Jersey )
14  Corporation; McKESSON         )
    CORPORATION, a Delaware       )   ┌─────────────────────┐
15  corporation; DOES 1-50        )   │  DOCKETED ON CM      │
                                  )   │    Ventered          │
16              Defendants.       )   │    DEC - 7 2006       │
                                  )   │                      │
17                                )   │  BY            085    │
                                      └─────────────────────┘
18

19          This matter is before the Court on Plaintiff's Motion to Remand to State

20   Court (docket no. 10), and Defendant Merck & Co., Inc.'s Motion to Stay

21   Proceedings (docket no. 12), filed on November 3, 2006 and November 8, 2006,

22   respectively.  The Court has considered the moving, opposition and reply

23   documents submitted in connection with the motions.   The Court deems this

24   matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78,

25   Local Rule 7-15.  Accordingly, the hearing set for December 11, 2006, is

26   removed from the Court's calendar.  For the reasons and in the manner set forth

27   below, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiff's



1  Motion to Remand without prejudice to the filing of a renewed motion in the

2  event that the Judicial Panel on Multidistrict Litigation ("JPML") does not

3  transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax*

4  *Prods. Liab. Litig.*

5         **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

6      Plaintiff, Anne E. Clayton, took the prescription drug Fosamax, which is

7  manufactured and sold by Defendant Merck & Co., Inc. ("Merck") and

8  distributed by Defendant McKesson Corporation ("McKesson"). Plaintiff filed

9  her Complaint in the Superior Court for the State of California, County of Los

10  Angeles, on September 28, 2006. Plaintiff alleges, *inter alia,* that Defendants

11  misrepresented (affirmatively and through a failure to warn) that Fosamax was a

12  safe and effective treatment for osteoporosis, Paget's Disease and other

13  conditions. Plaintiff further alleges that, as a proximate result of injesting

14  Fosamax, she has been permanently and severely injured.

15      On October 6, 2006, Defendant Merck removed the action to this Court on

16  the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant McKesson,

17  a California citizen, is fraudulently joined. In her motion to remand, Plaintiff

18  argues that joinder was proper. In its Opposition to the motion and in its

19  separate Motion for Stay, Merck maintains that resolution of the question of the

20  propriety of Plaintiff's joinder of McKesson should be deferred pending transfer

21  of this action to the MDL proceedings in *In Re Fosamax Prods. Liab. Litig.*, and

22  that all other proceedings in this action should be stayed until such time.[1]

23  McKesson joins in Merck's Opposition to the motion to remand and the Motion

24

25      [1]Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict
Litigation, the JMPL issued a Conditional Transfer Order on November 2, 2006. Plaintiff's Motion

26  to Vacate that Order is currently pending. *See* Request for Judicial Notice in Support of Merck &
Co., Inc.'s Opposition to Plaintiff's Motion to Remand, Exhibits 1-2.

27

1  to Stay in all respects.

2  ## STANDARD OF LAW

3      "A trial court may, with propriety, find it is efficient for its own docket and

4  the fairest course for the parties to enter a stay of an action before it, pending

5  resolution of independent proceedings which bear upon the case." *Leyva v.*

6  *Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also*

7  *Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163

8  (1936) ("[T]he power to stay proceedings is incidental to the power inherent in

9  every court to control the disposition of the causes on its docket with economy of

10  time and effort for itself, for counsel, and for litigants.").

11  ## DISCUSSION

12      A stay of all proceedings until such time as the JPML renders its final

13  decision regarding transfer is in the interest of judicial economy.  A steady

14  succession of cases involving the drug Fosamax are being filed in this district

15  and other districts throughout the country and are awaiting transfer to the MDL

16  proceedings.[2]  Given the similarity of this litigation to other recent

17  pharmaceutical products liability litigation, the Court finds that there are likely to

18  be many more cases (in this district or otherwise) which present the precise

19  question of the propriety of joinder of Defendant McKesson and/or other

20  "distributor" defendants.[3]  Consideration of Plaintiff's remand motion by this

21

22      [2] According to the JPML website, there are now 58 actions pending in MDL No. 1789, *In Re:*
23  *Fosamax Prods. Liab. Litig.*  See  http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls
    html (follow "Distribution of Pending MDL Dockets").

24      [3] As Defendants point out, two Fosamax cases which name both Merck and McKesson as
25  Defendants were recently removed (by Merck) to the district courts for the Northern and Southern
    Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co., Inc.'s
26  Reply Memorandum in Support of Motion to Stay Proceedings, Exhibits 2-3.  The Court takes
    judicial notice of the fact that Merck is raising the same issues of fraudulent joinder in those cases

27

1  Court at this juncture would therefore run the risk of inconsistent rulings between

2  different judges in different districts and/or would constitute an inefficient use of

3  judicial resources. *Cf. Stempien v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS

4  28408 *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs' motion

5  to relate all Zyprexa cases naming McKesson Corporation in this district, judges

6  in other California districts would nonetheless have to decide the issue, thus

7  resulting in unnecessarily duplicative litigation, an inefficient use of judicial

8  resources, and the risk of inconsistent results.").

9                                        **CONCLUSION**

10        Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay

11  Proceedings (docket no. 12) is GRANTED. Proceedings in this case are

12  STAYED until issuance of a final decision by the JPML regarding transfer or for

13  sixty (60) days, whichever is earlier.

14        Plaintiff's Motion to Remand (docket no. 10) is DENIED without

15  prejudice to the filing of a renewed motion if transfer is denied.

16

17  IT IS SO ORDERED.

18  December ___7___, 2006

19                                    FLORENCE MARIE COOPER, JUDGE

20                                    UNITED STATES DISTRICT COURT

21

22

23

24  and has filed a similar motion to stay proceedings pending possible transfer to the MDL action in

25  the Northern District case. *See* Fed. R. Civ. P. 201; *United States ex rel. Robinson Rancheria

26  Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice

27  of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

                                              4

**EXHIBIT 7**

1
2
3
4
5
6
7



```
          FILED
CLERK, U.S. DISTRICT COURT

        DEC - 6 2006

CENTRAL DISTRICT OF CALIFORNIA
PKJ                      DEPUTY
```

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10   EDWARD A. MORRIS and RUTH P. )     CV 06-5587 FMC (PJWx)
     MORRIS, husband and wife; HELEN )
11   F. TRACY, a single woman; JUDY C. )  ORDER GRANTING DEFENDANT'S
     PENN and BUDDY W. PENN, wife )    MOTION TO STAY AND DENYING
12   and husband,                 )    PLAINTIFFS' MOTION TO REMAND

13                                 )
                 Plaintiffs,       )
14                                 )

15   vs.                           )

16   MERCK & CO., INC., a New Jersey )
     Corporation; McKESSON          )
17   CORPORATION, a Delaware        )
     corporation; DOES 1-50         )

18                 Defendants.      )

19
20



```
DOCKETED ON CM
   Entered
  DEC - 6 2006

BY              085
```

21       This matter is before the Court on Plaintiffs' Motion to Remand to State

22   Court (docket no. 18), and Defendant Merck & Co., Inc.'s Motion to Stay

23   Proceedings (docket no. 23), filed on October 26, 2006 and November 6, 2006,

24   respectively.  The Court has considered the moving, opposition and reply

25   documents submitted in connection with the motions.  The Court deems this

26   matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78,

27   Local Rule 7-15.  Accordingly, the hearing set for December 11, 2006, is

(#35)

1  removed from the Court's calendar. For the reasons and in the manner set forth

2  below, the Court GRANTS Defendant's Motion to Stay and DENIES Plaintiffs'

3  Motion to Remand without prejudice to the filing of a renewed motion in the

4  event that the Judicial Panel on Multidistrict Litigation ("JPML") does not

5  transfer this case to Mutlidistrict Litigation ("MDL") No. 1789, *In Re: Fosamax*

6  *Prods. Liab. Litig.*

7                    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

8             Plaintiffs Edward A. Morris, Helen F. Tracy and Judy C. Penn took the

9  prescription drug Fosamax, which is manufactured and sold by Defendant Merck

10  & Co., Inc. ("Merck") and distributed by Defendant McKesson Corporation

11  ("McKesson"). Plaintiffs filed their Complaint in the Superior Court for the

12  State of California, County of Los Angeles, on August 16, 2006. Plaintiffs

13  allege, *inter alia,* that Defendants misrepresented (affirmatively and through a

14  failure to warn) that Fosamax was a safe and effective treatment for osteoporosis,

15  Paget's Disease and other conditions. Plaintiffs further allege that, as a

16  proximate result of injesting Fosamax, they have been permanently and severely

17  injured. Co-Plaintiffs Ruth P. Morris and Buddy W. Penn are bringing separate

18  claims for loss of consortium.

19             On September 6, 2006, Defendant Merck removed the action to this Court

20  on the basis of diversity under 28 U.S.C. § 1332, alleging that Defendant

21  McKesson, a California citizen, is fraudulently joined. In their motion to

22  remand, Plaintiffs argue that joinder was proper. In its Opposition to the motion

23  and in its separate Motion for Stay, Merck maintains that resolution of the

24  question of the propriety of Plaintiffs' joinder of McKesson should be deferred

25  pending transfer of this action to the MDL proceedings in *In Re Fosamax Prods.*

26  *Liab Litig.,* and that all other proceedings in this action should be stayed until

27

                                    2

such time.[1] McKesson joins in Merck's Opposition to the motion to remand and

the Motion to Stay in all respects.

## STANDARD OF LAW

"A trial court may, with propriety, find it is efficient for its own docket and

the fairest course for the parties to enter a stay of an action before it, pending

resolution of independent proceedings which bear upon the case." *Leyva v.*

*Certified Grocers of California, Ltd*, 593 F.2d 857, 863 (9th Cir. 1979); *see also*

*Landis v. North American Co.*, 299 U.S. 248, 254, 81 L. Ed. 153, 57 S. Ct. 163

(1936) ("[T]he power to stay proceedings is incidental to the power inherent in

every court to control the disposition of the causes on its docket with economy of

time and effort for itself, for counsel, and for litigants.").

## DISCUSSION

A stay of all proceedings until such time as the JPML renders its final

decision regarding transfer is in the interest of judicial economy. A steady

succession of cases involving the drug Fosamax are being filed in this district

and other districts throughout the country and are awaiting transfer to the MDL

proceedings.[2] Given the similarity of this litigation to other recent

pharmaceutical products liability litigation, the Court finds that there are likely to

be many more cases (in this district or otherwise) which present the precise

question of the propriety of joinder of Defendant McKesson and/or other

---

[1]Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the JMPL issued a Conditional Transfer Order on September 22, 2006. Plaintiffs' Motion to Vacate that Order is currently pending. *See* Request for Judicial Notice in Support of Merck & Co., Inc.'s Motion to Stay Proceedings, Exhibits 1-2.

[2] According to the JPML website, there are now 58 actions pending in MDL No. 1789, *In Re Fosamax Prods. Liab. Litig. See* http://www.jpml.uscourts.gov/Pending_MDLs/pending_mdls.html (follow "Distribution of Pending MDL Dockets").

3

1    "distributor" defendants.[3]   Consideration of Plaintiffs' remand motion by this

2    Court at this juncture would therefore run the risk of inconsistent rulings between

3    different judges in different districts and/or would constitute an inefficient use of

4    judicial resources. *Cf. Stempien v. Eli Lilly & Co.*, 2006 U.S. Dist. LEXIS 28408

5    *4 (N.D. Cal. 2006) ("[E]ven if the Court were to grant Plaintiffs' motion to

6    relate all Zyprexa cases naming McKesson Corporation in this district, judges in

7    other California districts would nonetheless have to decide the issue, thus

8    resulting in unnecessarily duplicative litigation, an inefficient use of judicial

9    resources, and the risk of inconsistent results.").

10                              **CONCLUSION**

11        Based on the foregoing, Defendant Merck & Co., Inc.'s Motion to Stay

12    Proceedings (docket no. 23) is GRANTED.  Proceedings in this case are

13    STAYED until issuance of a final decision by the JPML regarding transfer or for

14    sixty (60) days, whichever is earlier.

15        Plaintiffs' Motion to Remand (docket no. 18) is DENIED without

16    prejudice to the filing of a renewed motion if transfer is denied.

17

18    IT IS SO ORDERED.

19    December 6, 2006                    *Florence Marie Cooper*

20                                        FLORENCE MARIE COOPER, JUDGE

21                                        UNITED STATES DISTRICT COURT

22

23        [3]As Defendants point out, two Fosamax cases which name both Merck and McKesson as
Defendants were recently removed (by Merck) to the district courts for the Northern and Southern
24    Districts of California. *See* Request for Judicial Notice in Support of Defendant Merck & Co , Inc.'s
Reply Memorandum in Support of Motion to Stay Proceedings, Exhibits 1-2. The Court takes
25    judicial notice of the fact that Merck is raising the same issues of fraudulent joinder those cases and
has filed a similar motion to stay proceedings pending possible transfer to the MDL action in the
26    Northern District case. *See* Fed. R. Civ P. 201; *United States ex. rel. Robinson Rancheria Citizens
Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take judicial notice of
27    "proceedings in other courts, both within and without the federal judicial system, if those
proceedings have a direct relation to matters at issue.").

                                        4

**EXHIBIT 8**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARY ELLEN POTGIETER, | ) | Case No.: 07-cv-00002-DMC-MF |
| Plaintiff, | ) | |
| | ) | ORDER STAYING |
| v | ) | PROCEEDINGS PENDING |
| | ) | TRANSFER TO MDL NO. 1789 |
| MERCK & CO., INC., | ) | |
| Defendant. | ) | |

THIS MATTER having been brought before the Court on the motion of defendant to stay proceedings pending transfer to MDL No. 1789; and the Court having considered the submissions of the parties in support of and in opposition to the motion; and for good cause having been shown:

IT IS on this _15_ day of _March_, 2007,

ORDERED that defendant's Motion to Stay is GRANTED. This action is stayed pending a transfer decision from the Judicial Panel on Multidistrict Litigation.

Honorable Dennis M. Cavanaugh, U.S.D.J.

**EXHIBIT 9**

1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11   EDNA GOYA, an individual, | CASE NO. 06-CV-2574 H (AJB) |
| 12                          Plaintiff, | **ORDER DENYING** |
| 13   vs. | **MERCK & CO.'S MOTION FOR A STAY WITHOUT PREJUDICE AND** |
| 14   MERCK & CO., INC., a corporation; | **DEFERRING RULING ON MOTION TO REMAND** |
| 15   MCKESSON CORPORATION, a corporation; and DOES 1-100, | (Doc. Nos. 6 & 10) |
| 16   inclusive, | |
| 17                          Defendants. | |

18    Defendant Merck & Co., Inc. ("Merck") removed this case from state court on

19    November 21, 2006. (Doc. No. 1.) In her complaint, Plaintiff Edna Goya alleges that

20    she suffered injuries caused by her use of Merck's product, Fosamax. (Id.) On

21    December 14, 2006, Merck filed a motion to stay proceedings. (Doc. No. 6.) Plaintiff

22    filed a response in opposition on December 29, 2006. (Doc. No 9.) Merck filed a reply

23    on January 3, 2007. (Doc. No. 12.) On January 3, 2007, Defendant McKesson

24    Corporation filed a notice that it joins in Merck's request for a stay. (Doc. No. 14.) In

25    its motion, Merck asks the Court to stay the proceedings pending a decision by the

26    Judicial Panel on Multidistrict Litigation ("JPMDL") as to whether this action should

27    be transferred to In re Fosamax Prods. Liab. Litig., MDL No. 1789, currently pending

28    before Judge John Keenan in the Southern District of New York.

1    On December 29, 2006, Plaintiff filed a motion to remand. (Doc. No. 10.)
2  Merck filed a response in opposition on January 26, 2007. (Doc. No. 18.) McKesson
3  filed a joinder in Merck's response on January 23, 2007. (Doc. No. 17.)

4    As indicated in a previous order, pursuant to its discretion under Civil Local Rule
5  7.1(d)(1), the Court submits the motions on the papers without oral argument.

6    On December 27, 2006, the JPMDL entered an order conditionally transferring
7  this case to the In re Fosamax proceedings. (Jeffrey M. Tanzer Decl. Supp. Def.'s
8  Reply Supp. Mot. to Stay Proceedings, Ex. 1.) Plaintiff indicates that she will oppose
9  final transfer, however. If Plaintiff files an opposition, according to Rule 7.4 of the
10  Rules of Procedure of the JPMDL, the conditional transfer order will be stayed until
11  further order of the JPMDL, and the JPMDL will set the matter for hearing. See Rules
12  of Procedure of the JPMDL, Rule 7.4(c)-(d). Then, the JPMDL will determine whether
13  to issue a final transfer order.

14    Under the rules of procedure of the JPMDL, a pending conditional transfer order
15  does not affect pretrial proceedings in the district court and does not in any way limit
16  the pretrial jurisdiction of the district court. See Rule 1.5 of the Rules of Procedure for
17  the Judicial Panel on Multidistrict Litigation. Nevertheless, district courts have inherent
18  power to stay their own proceedings. The power to stay a case is "incidental to the
19  power inherent in every court to control the disposition of the causes on its docket with
20  economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am.
21  Co., 299 U.S. 248, 254 (1936); see also CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th
22  Cir. 1962). Whether to grant a stay is left to the sound discretion of the trial court.
23  CMAX, Inc., 300 F.2d at 268. Courts generally take into consideration judicial
24  economy and prejudice to the parties in determining whether to enter a stay. See, e.g.,
25  Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); see also Landis,
26  299 U.S. at 254-55.

27    Given that this case was recently filed and the JPMDL has already entered a
28  conditional transfer order, the Court finds that a formal stay is not required to preserve

1   judicial resources and to avoid prejudice to Merck. Accordingly, the Court **DENIES**
2   Merck's motion for a stay without prejudice. The Court notes that at least 58 cases
3   have already been transferred to the coordinated proceedings before Judge Keenan, and
4   additional cases, such as this one, are currently awaiting transfer decisions by the
5   JPMDL. Therefore, although the Court declines to impose a formal stay, the Court does
6   not expect the parties to pursue the case or conduct any discovery while awaiting the
7   JPMDL's decision.

8        Additionally, Plaintiff has recently filed a motion to remand this action. As at
9   least one court has noted: "The general rule is for federal courts to defer ruling on
10  pending motions to remand in MDL litigation until after the JPMDL has transferred the
11  case to the MDL panel." Jackson v. Johnson & Johnson, Inc., No. 01-2113 DA, 2001
12  WL 34048067, at *6 (W.D. Tenn. April 3, 2001); see also In re Amino Acid Lysine
13  Antitrust Litig., 910 F. Supp. 696, 700 (J.P.M.L. 1995) ("[T]he pending motion to
14  remand . . . can be presented to and decided by the transferee judge."). Accordingly,
15  the Court will **DEFER** ruling on Plaintiff's motion to remand for 60 days, subject to
16  further deferral if the JPMDL has not entered a final ruling on transfer at that time. If
17  the JPMDL declines to enter a final transfer order, the motion to remand will be
18  pending before this Court. If, however, the JPMDL enters a final transfer order
19  consolidating this case for pretrial proceedings in the Southern District of New York,
20  the Court notes that the motion will be pending before the transferee court and no
21  longer before this Court.

22       IT IS SO ORDERED.
23  Dated:  February 1, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

24
25
26
27
28

06cv2574

1  Copies To:

2  Magistrate Judge Battaglia

3  Hector G. Gancedo
   Tina B. Neives
4  Amy M. Boomhouwer
   Gancedo & Nieves, LLP
5  144 W. Colorado Blvd.
   Pasadena, CA 91105
6
   Douglas Emhoff
7  Jeffrey Tanzer
   Venable LLP
8  2049 Century Park East, Suite 2100
   Los Angeles, CA 90067
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06cv2574

**EXHIBIT 10**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JENNIE PURDY, ET AL.                                         **PLAINTIFFS**

**VERSUS**                              CIVIL ACTION NO. 2:06-cv-223-KS-MTP

MERCK & COMPANY, INC., ET AL.                               **DEFENDANTS**

### ORDER

Pending before the Court is Merck's Motion to Stay Pending Transfer to MDL No. 1789

[7]  Additionally, Plaintiff has filed a Motion to Remand [8] thereby requiring a stay under the

local rules

IT IS, THEREFORE, ORDERED that this action is stayed pending a transfer decision

from the Judicial Panel on Multidistrict Litigation, remand to state court, or further order of this

court

SO ORDERED, this the 1st day of November, 2006.

s/ Michael T. Parker
United States Magistrate Judge

EXHIBIT **6**   PAGE **8**

**EXHIBIT 11**

Case 1:06-md-01789-JFK-JCF   Document 217   Filed 12/26/2007   Page 1 of 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

FOSAMAX PRODUCTS LIABILITY LITIGATION

*This Document Relates To All Actions*

MASTER FILE

1:06-MD-1789 (JFK)

### CASE MANAGEMENT ORDER NO. 14
#### (Regarding Motions to Remand)

JOHN F. KEENAN, United States District Judge:

It has become apparent that motions to remand which were filed in transferor courts and remain pending before this Court, as well as those which are expected to be filed in this Court, will raise overlapping challenges to this Court's subject matter jurisdiction. In order to resolve these jurisdictional issues promptly and efficiently, it is hereby ORDERED that:

1. For cases transferred to this Court on or before March 1, 2008: All remand motions shall be served on the Defendant by March 31, 2008. Defendant shall serve its response to these remand motions on or before April 21, 2008. Plaintiffs may serve a reply on or before May 2, 2008. On May 2, 2008, each party shall file its motion papers and provide the Court with courtesy copies. Defendant also shall file on the master docket a list of all cases with remand motions pending as of that date.

2. For cases transferred to this Court after March 1, 2008: On the last business day of June 2008 and every second month thereafter, Defendant shall notify the Court of any new remand motions that have been filed. Defendant shall file and serve papers in opposition thereto within fourteen days. Plaintiffs affected by such motions may serve and file reply papers, and provide the Court with courtesy copies of their motion papers, within fourteen days thereafter.

SO ORDERED

Dated:      New York, N.Y
            December 26, 2007

                                    JOHN F. KEENAN
                                    United States District Judge

**EXHIBIT 12**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**JAN 3 1 2008**

FILED
CLERK'S OFFICE

### UNITED STATES JUDICIAL PANEL
### on
### MULTIDISTRICT LITIGATION

**IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION**                    MDL No  1789

(SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-47)

On August 16, 2006, the Panel transferred four civil actions to the United States District Court for the Southern District of New York for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  *See* 444 F.Supp.2d 1347 (J.P.M.L. 2006).  Since that time, 113 additional actions have been transferred to the Southern District of New York.  With the consent of that court, all such actions have been assigned to the Honorable John F. Keenan.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Southern District of New York and assigned to Judge Keenan.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of New York for the reasons stated in the order of August 16, 2006, and, with the consent of that court, assigned to the Honorable John F. Keenan.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of New York.  The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof.  If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION          MDL No 1789

## SCHEDULE CTO-47 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**                    **CASE CAPTION**

ALABAMA MIDDLE
   ALM 2 08-51                Martha Finley v. Merck & Co., Inc., et al.

FLORIDA MIDDLE
   FLM 3 08-71                Annie Laverne Sampsell v Merck & Co , Inc.

FLORIDA NORTHERN
   FLN 4 08-19                Claire Perry, et al. v. Merck & Co., Inc.

IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION                MDL No. 1789

## INVOLVED COUNSEL LIST (CTO-47)

M. King Hill, III
VENABLE LLP
210 Allegheny Avenue
Towson, MD 21204

Katharine R. Latimer
SPRIGGS & HOLLINGSWORTH
1350 I Street, N.W.
9th Floor
Washington, DC 20005

Daryl Dion Parks
PARKS & CRUMP LLC
240 North Magnolia Drive
Tallahassee, FL 32301-2638

Christopher A. Seeger
SEEGER WEISS
One William Street
10th Floor
New York, NY 10004-2502

Michael E. Seelie
MICHAEL E SEELIE PA
2468 Atlantic Boulevard
Jacksonville, FL 32210

Terry O. Tottenham
FULBRIGHT & JAWORSKI LLP
600 Congress Avenue
Suite 2400
Austin, TX 78701-2011

Benjamin C. Wilson
RUSHTON STAKELY JOHNSTON & GARRETT PA
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270

E. Frank Woodson
BEASLEY ALLEN CROW METHVIN PORTIS & MILES PC
218 Commerce Street
P.O. Box 4160
Montgomery, AL 36103-4160

**EXHIBIT 13**

quIN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

MARTHA FINLEY,                          *
                                        *
        PLAINTIFF,                      *
                                        *
vs.                                     *
                                        *   CASE NUMBER: CV-
                                        *
MERCK & COMPANY, INC., a New            *
Jersey corporation; JULIE MELTON,       *
Sales Representative; CAROL JAMES,      *
Sales Representative; MICHAEL BECK,     *
Sales Representative; SHEILA DAVIS,     *
Sales Representative; and FICTITIOUS    *
DEFENDANTS A, B, C, D, E, and F,        *
being those persons, sales             *
representatives, firms or corporations  *   Removed from the
whose fraud, scheme to defraud,         *   Circuit Court of
negligence, and/or other wrongful       *   Montgomery County, Alabama
conduct caused or contributed to the    *   (CV-07-1987)
Plaintiff's injuries and damages, and   *
whose true names and identities are     *
presently unknown to the Plaintiff but  *
will be substituted by amendment when   *
ascertained,                            *
                                        *
        DEFENDANTS.                     *


## DECLARATION OF MICHAEL BECK

    1.    My name is Michael Beck. I am over twenty-one years of age, am of sound mind, and am competent to make this Declaration. This Declaration is based upon my personal knowledge.

    2.    At no time did I ever provide Fosamax or information concerning Fosamax directly to Martha Finley.

    3.    I am not a physician, and have therefore never prescribed Fosamax. I am also not a pharmacist and I have therefore never written or filled a Fosamax prescription as a pharmacist. The information that I used during the course of my employment was provided to me by my employer. Specifically, Merck provided me



with the FDA-approved prescribing information and the other information I used in speaking with physicians regarding Fosamax. I had no involvement in the development or preparation of prescribing information for Fosamax, and did not have responsibility for the content or other written warnings concerning Fosamax contained in other information provided to me by my employer. I was not expected, as a Professional Representative, to conduct independent research regarding drugs I detailed. I was not expected to review independent scientific studies published in journals unless Merck supplied them to me.

4.      I was not aware of any alleged association between Fosamax and osteonecrosis of the jaw during the time I worked for Merck beyond what was stated in the prescribing information and approved materials provided to me by Merck.

5.      At no time did I have any involvement at all with the manufacture, development, or testing of Fosamax. The physicians with whom I dealt and on whom I called in my job were highly skilled professionals. They were, in my judgment and to the best of my knowledge, in a better position than I to make determinations concerning prescribing Fosamax. I had no discussions at all at any time with any patients of any of the physicians on whom I called regarding Fosamax.

6.      At no time did I ever sell, offer to sell or take orders for the sale of Fosamax to patients. Physicians upon whom I would call would write their prescriptions for Fosamax based upon their own independent medical knowledge and judgment and I would not have direct knowledge of any specific prescriptions these physicians may have written for individual patients including, but not limited to, Martha Finley.

7.      I made no knowing misrepresentations concerning the safety or efficacy of Fosamax and acted in good faith at all times in my dealings with physicians who may have prescribed Fosamax.

8.      I have never met nor spoken with Martha Finley.

2

9.    I have never made any presentations to the general public regarding Fosamax.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January _16_, 2008.

_____
Michael Beck

3

# EXHIBIT 14

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

MARTHA FINLEY,                               *
                                             *
        PLAINTIFF,                           *
                                             *
VS.                                          *
                                             *    CASE NUMBER: CV-
MERCK & COMPANY, INC., a New                 *
Jersey corporation; JULIE MELTON,            *
Sales Representative; CAROL JAMES,           *
Sales Representative; MICHAEL BECK,          *
Sales Representative; SHEILA DAVIS,          *
Sales Representative; and FICTITIOUS         *
DEFENDANTS A, B, C, D, E, and F,             *
being those persons, sales                   *
representatives, firms or corporations       *    Removed from the
whose fraud, scheme to defraud,              *    Circuit Court of
negligence, and/or other wrongful            *    Montgomery County, Alabama
conduct caused or contributed to the         *    (CV-07-1987)
Plaintiff's injuries and damages, and        *
whose true names and identities are          *
presently unknown to the Plaintiff but       *
will be substituted by amendment when        *
ascertained,                                 *
                                             *
        DEFENDANTS.                          *


## DECLARATION OF CAROL JAMES

1.    My name is Carol James. I am over twenty-one years of age, am of sound mind, and am competent to make this Declaration. This Declaration is based upon my personal knowledge.

2.    Merck & Co., Inc. ("Merck") has never assigned me any responsibilities with respect to the promotion of FOSAMAX® ("Fosamax"). At no time did I ever promote Fosamax or provide information concerning Fosamax to any physician or pharmacist.



EXHIBIT
B

3.    I am not a physician, and have therefore never prescribed Fosamax. I am also not a pharmacist and I have therefore never written or filled a Fosamax prescription as a pharmacist.

4.    At no time did I have any involvement at all with the manufacture, development, or testing of Fosamax.

5.    At no time did I ever sell, offer to sell or take orders for the sale of Fosamax to patients.

6.    I have never met nor spoken with Martha Finley.

7.    I have never made any presentations to the general public regarding Fosamax.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January _16_ , 2008.

_Carol James_
Carol James

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

MARTHA FINLEY,

    PLAINTIFF,

vs.                                                           CASE NUMBER: CV-

MERCK & COMPANY, INC., a New
Jersey corporation; JULIE MELTON,
Sales Representative; CAROL JAMES,
Sales Representative; MICHAEL BECK,
Sales Representative; SHEILA DAVIS,
Sales Representative; and FICTITIOUS
DEFENDANTS A, B, C, D, E, and F,
being those persons, sales
representatives, firms or corporations
whose fraud, scheme to defraud,
negligence, and/or other wrongful
conduct caused or contributed to the
Plaintiff's injuries and damages, and
whose true names and identities are
presently unknown to the Plaintiff but
will be substituted by amendment when
ascertained,

    DEFENDANTS.

Removed from the
Circuit Court of
Montgomery County, Alabama
(CV-07-1987)

## DECLARATION OF SHEILA DAVIS

    1.    My name is Sheila Davis. I am over twenty-one years of age, am of sound mind, and am competent to make this Declaration. This Declaration is based upon my personal knowledge.

    2.    At no time did I ever provide Fosamax or information concerning Fosamax directly to Martha Finley.

    3.    It is my understanding that service on me was alleged to have occurred at 2170 Rexford Road, Montgomery, AL 36116. I do not currently, nor have I ever, lived at this address



DEFENDANT'S
EXHIBIT
15

4      I am not a physician, and have therefore never prescribed Fosamax. I am also not a pharmacist and I have therefore never written or filled a Fosamax prescription as a pharmacist. The information that I used during the course of my employment was provided to me by my employer. Specifically, Merck provided me with the FDA-approved prescribing information and the other information I used in speaking with physicians regarding Fosamax. I had no involvement in the development or preparation of prescribing information for Fosamax, and did not have responsibility for the content or other written warnings concerning Fosamax contained in other information provided to me by my employer. I was not expected, as a Professional Representative, to conduct independent research regarding drugs I detailed. I was not expected to review independent scientific studies published in journals unless Merck supplied them to me.

5.      I was not aware of any alleged association between Fosamax and osteonecrosis of the jaw during the time I worked for Merck beyond what was stated in the prescribing information and approved materials provided to me by Merck.

6.      At no time did I have any involvement at all with the manufacture, development, or testing of Fosamax. The physicians with whom I dealt and on whom I called in my job were highly skilled professionals. They were, in my judgment and to the best of my knowledge, in a better position than I to make determinations concerning prescribing Fosamax. I had no discussions at all at any time with any patients of any of the physicians on whom I called regarding Fosamax.

7      At no time did I ever sell, offer to sell or take orders for the sale of Fosamax to patients. Physicians upon whom I would call would write their prescriptions for Fosamax based upon their own independent medical knowledge and judgment and I would not have direct knowledge of any specific prescriptions these physicians may have written for individual patients including, but not limited to, Martha Finley.

2

8.     I made no knowing misrepresentations concerning the safety or efficacy of Fosamax and acted in good faith at all times in my dealings with physicians who may have prescribed Fosamax.

9.     I have never met nor spoken with Martha Finley.

10.     I have never made any presentations to the general public regarding Fosamax.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February _15_, 2008.

_Sheila E. Davis_
Sheila Davis

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

MARTHA FINLEY,                            *
                                          *
     PLAINTIFF,                        *
                                          *
vs.                                       *      CASE NUMBER: CV-
                                          *
MERCK & COMPANY, INC., a New              *
Jersey corporation; JULIE MELTON,         *
Sales Representative; CAROL JAMES,        *
Sales Representative; MICHAEL BECK,       *
Sales Representative; SHEILA DAVIS,       *
Sales Representative; and FICTITIOUS      *
DEFENDANTS A, B, C, D, E, and F,          *
being those persons, sales                *
representatives, firms or corporations    *      Removed from the
whose fraud, scheme to defraud,           *      Circuit Court of
negligence, and/or other wrongful         *      Montgomery County, Alabama
conduct caused or contributed to the      *      (CV-07-1987)
Plaintiff's injuries and damages, and     *
whose true names and identities are       *
presently unknown to the Plaintiff but    *
will be substituted by amendment when     *
ascertained,                              *
                                          *
     DEFENDANTS.                       *

## DECLARATION OF JULIE MELTON

     1.     My name is Julie Melton. I am over twenty-one years of age, am

of sound mind, and am competent to make this Declaration. This Declaration is based

upon my personal knowledge.

     2.     At no time did I ever provide Fosamax or information concerning

Fosamax directly to Martha Finley.

     3.     I am not a physician, and have therefore never prescribed

Fosamax. I am also not a pharmacist and I have therefore never written or filled a

Fosamax prescription as a pharmacist. The information that I used during the course of

my employment was provided to me by my employer. Specifically, Merck provided me



DEFENDANT'S
EXHIBIT
16

with the FDA-approved prescribing information and the other information I used in speaking with physicians regarding Fosamax. I had no involvement in the development or preparation of prescribing information for Fosamax, and did not have responsibility for the content or other written warnings concerning Fosamax contained in other information provided to me by my employer. I was not expected, as a Professional Representative, to conduct independent research regarding drugs I detailed. I was not expected to review independent scientific studies published in journals unless Merck supplied them to me.

4. I was not aware of any alleged association between Fosamax and osteonecrosis of the jaw during the time I worked for Merck beyond what was stated in the prescribing information and approved materials provided to me by Merck.

5. At no time did I have any involvement at all with the manufacture, development, or testing of Fosamax. The physicians with whom I dealt and on whom I called in my job were highly skilled professionals. They were, in my judgment and to the best of my knowledge, in a better position than I to make determinations concerning prescribing Fosamax. I had no discussions at all at any time with any patients of any of the physicians on whom I called regarding Fosamax.

6. At no time did I ever sell, offer to sell or take orders for the sale of Fosamax to patients. Physicians upon whom I would call would write their prescriptions for Fosamax based upon their own independent medical knowledge and judgment and I would not have direct knowledge of any specific prescriptions these physicians may have written for individual patients including, but not limited to, Martha Finley.

7. I made no knowing misrepresentations concerning the safety or efficacy of Fosamax and acted in good faith at all times in my dealings with physicians who may have prescribed Fosamax.

8. I have never met nor spoken with Martha Finley.

2

9.    I have never made any presentations to the general public regarding Fosamax.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 1 4, 2008.

Julie Melton

3