IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTHA FINLEY, | * | |
| Plaintiff, | * | |
| v. . | * | Case No.: 2:08-cv-00051-MHT-CSC |
| MERCK & CO., INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**SUPPLEMENTAL RESPONSE BY DEFENDANT MERCK & CO., INC.
TO ORDER TO SHOW CAUSE AND IN SUPPORT OF A STAY**

Defendant Merck & Co., Inc. ("Merck"), by counsel, hereby files this supplemental response to its February 15, 2008 filing in support of a stay of this case, while the Joint Panel on Multidistrict Litigation ("MDL Panel") determines whether this case should be transferred to MDL Proceeding No. 1789, the FOSAMAX® ("Fosamax") MDL proceedings pending in the Southern District of New York. Since Merck's filing in support of a stay, Merck has received a copy of Plaintiff's "Notice of Opposition to Conditional Transfer Order," ("Opposition Notice"), which Plaintiff filed with the MDL Panel on February 15, 2008, and which is attached hereto at Exhibit 1. As the Opposition Notice states, the MDL Panel now has before it the question of whether the Plaintiff's Motion to Remand should be decided in this Court or as part of the Fosamax MDL proceedings. Accordingly, this case should be stayed until the MDL Panel makes its decision.

Under 28 U.S.C. § 1407, the MDL Panel is tasked with the responsibility to determine whether and when civil actions that share common questions of fact should be transferred to a single district "for coordinated or consolidated pretrial proceedings." *Id.*, § 1407(a). Under 28

BA2/3336301.01

U.S.C. § 1407(b), the MDL Panel is specifically charged with determining the most efficient manner in which cases such as this should be addressed.

On January 31, 2008, the MDL Panel issued a conditional transfer order under 28 U.S.C. § 1407, providing for the transfer of this case to the Fosamax MDL proceedings, and the Plaintiff filed her Opposition Notice on February 15, 2008, opposing that transfer. The Plaintiff now must file with the MDL Panel a Motion to Vacate the Conditional Transfer Order by March 1, 2008. *R. Proc. Jud. Pan. Mult. Litig.*, Rule 7.4(d). In her Motion to Vacate, the Plaintiff must present to the MDL Panel her argument as to why this case should proceed in this court, as opposed to the Fosamax MDL proceedings. In her Opposition Notice, the Plaintiff expressly argues that this case should not be transferred because she has filed a motion to remand. The MDL Panel, therefore, has been expressly asked to consider whether Plaintiff's motion to remand is more efficiently decided in this Court, or decided by the transferee court as part of the Fosamax MDL proceedings, in coordination with numerous other, similar motions.

Upon hearing Plaintiff's arguments, the MDL Panel will determine the most efficient disposition of this case, as § 1407(b) requires, and will decide whether or not a transfer would "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). This decision will be made by the MDL Panel on the basis of a full factual record containing any material evidence that the Plaintiff offers, and will be supported by findings of fact and conclusions of law. § 1407(c). Merck submits that this Court should stay these proceedings for the brief time required for the MDL Panel to reach its decision on these matters.

For all of these reasons, Merck supports the entry of a stay pending the transfer of this case to the Fosamax MDL proceedings.

          Respectfully submitted,

          */s/ Ben C. Wilson*
          BEN C. WILSON
          One of the Attorneys for Defendant,
          Merck & Co., Inc.

OF COUNSEL:
Robert C. "Mike" Brock
F. Chadwick Morriss
Ben C. Wilson
RUSHTON, STAKELY, JOHNSTON, & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3100
Facsimile: (334) 262-6277
rcb@rsjg.com
fcm@rsjg.com
bcw@rsjg.com

## CERTIFICATE OF SERVICE

    I certify that on the 19th day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record, including:

        E. Frank Woodson, Esq.
        Leigh O'Dell
        Wesley Chadwick Cook
        Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
        Post Office Box 4160
        Montgomery, Alabama 36103-4160

    *Attorneys for Plaintiff.*

          /s/ Ben C. Wilson
          OF COUNSEL

BA2/336301.01

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:   MDL Docket No. 1789 – In re Fosamax Products Liability Litigation

TO:   VIA FACSIMILE (202)502-2888
Jeffery N. Lüthi, CLERK OF THE PANEL
ONE COLUMBUS CIRCLE, N.E.
THURGOOD MARSHALL FEDERAL JUDICIARY BUILDING
ROOM G-255 NORTH LOBBY
WASHINGTON, D.C. 20002-8004

*Martha Finley v. Merck & Co., Inc., et al, M.D. Alabama, C.A. No. 2:08-00051*

### NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER

Plaintiff, by and through undersigned counsel, hereby files her Notice of Opposition to the Conditional Transfer Order dated January 31, 2008 on the following grounds:

1.  Jurisdiction and venue of this matter are proper in the Circuit Court of Montgomery County, Alabama.

2.  The Defendants' Notice of Removal is improper.

3.  The Defendants' ground for removal, namely, that there was fraudulent joinder, is incorrect. All of the relief sought by the Plaintiff in her complaint is founded upon state law claims.

4.  Plaintiff has stated valid state-law claims against the Resident Defendants, and as such, diversity jurisdiction is absent in this case.

5.  This case is not properly removable under 28 U.S.C. § 1441. No federal court has subject matter jurisdiction over this non-diversity case originally filed in the Circuit Court of Montgomery County, Alabama.


DEFENDANT'S EXHIBIT 2

6. Plaintiff has filed a Motion to Remand with supporting brief which is currently pending before the United States District Court for the Middle District of Alabama.

7. Transfer is inappropriate because federal subject matter jurisdiction does not exist.

8. Transfer is inappropriate because this case involves only Alabama state law claims.

9. Transfer is inappropriate because common issues do not predominate over individual issues of fact.

10. Transfer of this case will not further the convenience of the parties and the witnesses.

11. Transfer will not advance the just and efficient conduct of this case.

12. Transfer is inappropriate because this case is not sufficiently complex and time consuming.

Respectfully submitted this 15th day of February, 2008.

_____
E. FRANK WOODSON (WOO034)
P. LEIGH O'DELL (ODE006)
WESLEY CHADWICK COOK (COO079)
**Attorneys for Plaintiff**

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW, METHVIN,
   PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 223-1236

2

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 15th day of February, 2008.

M. King Hill, III
VENABLE, LLP
Towson, MD 21204

Katharine R. Latimer
SPRIGGS & HOLLINGSWORTH
1350 I Street N.W.
9th Floor
Washington, DC 20005

Daryl Dion Parks
PARKS & CRUMP, LLC
240 North Magnolia Drive
Tallahassee, Florida 32301

Christopher Seeger
SEEGER WEISS
One William Street
10th Floor
New York, New York 10004-2502

Michael E. Seelie
MICHAEL E. SEELIE PA
2468 Atlantic Boulevard
Jacksonville, FL 32210

Terry O. Tottenham
FULBRIGHT & JAWORSKI, LLP
600 Congress Abenue
Suite 2400
Austin, Texas 78701

Benjamin C. Wilson
Rushton Stakely Johnston & Garrett, PA
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101

_____
OF COUNSEL