IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARTHA FINLEY, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | *   CASE NO. 2:08-cv-00051-CSC |
| | * |
| MERCK & CO., INC., et al., | * |
| | * |
| DEFENDANTS. | * |

### REPLY TO MERCK & CO., INC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Plaintiff, Martha Finley, by and through her undersigned counsel, respectfully submits the following in response to Defendants' Opposition to Plaintiff's Motion to Remand.

Plaintiff's Complaint alleges claims against Defendants arising under the laws of the State of Alabama. Plaintiff has alleged valid state law claims against Alabama residents as well as Merck & Co., Inc. Diversity jurisdiction, pursuant to 28 U.S.C. § 1332, is not present. Therefore, Plaintiff respectfully urges the Court to consider her Motion to Remand at the present time.

In their Opposition, Defendants point to the MDL Court's Case Management Order No. 14,[1] which institutes a briefing schedule for motions to remand pending before that court now and in the future. Defendants suggest that because the MDL Court has instituted a briefing schedule that the present case should be transferred to the MDL Court and Plaintiff's Motion to Remand considered there. CMO No. 14 also discusses "overlapping challenges" regarding subject matter jurisdiction. Plaintiff submits that

---
[1] See Exhibit "A" attached.

Alabama state law and the issue of remand in this case should not be decided on a "global" or "group" basis. Remand should be decided on an individual basis, after an analysis of the particularities of Plaintiff's Complaint in this case as well as the papers filed in connection with Plaintiff's Motion to Remand.

Furthermore, the issue of jurisdiction now has been fully briefed. Additional briefing is not necessary. The issue is ripe for consideration. And, without question, this Court is better equipped to make decisions regarding the application of Alabama law than the MDL court, which undoubtedly deals with Alabama law on an infrequent and limited basis. The decision as to whether to remand this case to the Circuit Court of Montgomery County, Alabama, is not only well within the authority of this Court but one that should be made by this Court. This not only serves the best interests of the parties, but for the reasons Plaintiff argued previously, serves the best interests of judicial economy.

Plaintiff is also in receipt of Defendant's Supplemental Response To Order To Show Cause and In Support of Stay ("Supplemental Response"), filed on February 19, 2008. Defendants' response contains misrepresentations which bear pointing out. Defendants state: "As the Opposition Notice states, the MDL Panel now has before it the question of whether the Plaintiff's Motion to Remand should be decided in this Court or as part of the Fosamax MDL proceedings."[2] Plaintiff appropriately informed the Judicial Panel of her pending Motion to Remand. Plaintiff has consistently asserted the same

---

[2] See Supplemental Response By Defendant Merck & Co., Inc. To Order To Show Cause And In Support Of A Stay

2

argument -- this Court is best situated to decide the issue of whether federal jurisdiction is present.[3]  For Defendants to suggest otherwise is disingenuous.

Defendants' Supplemental Response also erroneously states, "In her Opposition Notice, the Plaintiff expressly argues that this case should not be transferred because she has filed a motion to remand. The MDL Panel, therefore, has been expressly asked to consider whether Plaintiff's motion to remand is more efficiently decided in this Court, or decided by the transferee court as part of the Fosamax MDL proceedings, in coordination with numerous other, similar motions." Nothing could be farther from the truth. Plaintiff articulated numerous valid reasons why transfer is inappropriate.  Plaintiff did not ask the MDL Panel, either directly or indirectly, to consider which court should decide Plaintiff's Motion to Remand.  Rather, Plaintiff merely objected to the Judicial Panel transferring this case to the MDL Court in keeping with the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

Plaintiff strongly objects to this case being stayed or transferred to the MDL Court.  But if both of those events were to occur, the implications are clear.  Despite the MDL remand briefing schedule, it is highly unlikely that the MDL court will rule on any motions to remand until discovery in the MDL Court is complete.  This is the common pattern in MDL litigation.  Counsel is informed that discovery is in its embryonic stages in the MDL Court.  If Plaintiff's motion is not considered until the completion of discovery, this would result in Plaintiff's case languishing in the MDL Court for years when federal jurisdiction is not present.  Plaintiff has stated valid state law claims against resident defendants.  As the master of her Complaint, she exercised her right to file her

---

[3] See Plaintiff's Notice of Opposition to Conditional Transfer Order

claim in a venue of her choice. For her claim to languish in a court which lacks jurisdiction would be patently unfair.

Moreover, any transfer of this case to the MDL would almost certainly result in Plaintiff not receiving the benefit of her choice of counsel. The Plaintiffs' Steering Committee (PSC), of which Beasley Allen is not a member, will conduct the discovery associated with all claims pending in the MDL. The PSC will make and respond to substantive motions. In addition, the PSC will make numerous strategic decisions which would impact Plaintiff's claim. The transfer of Plaintiff's claim to the MDL, despite lack of federal jurisdiction, would almost certainly result in the deprivation of the undersigned Plaintiff's counsel's opportunity to prepare this particular case for trial, the purpose for which Counsel was retained.

The Court is fully empowered to rule on the jurisdictional issue at this time. Plaintiff's Motion to Remand is fully briefed, and the jurisdictional issue is ripe for consideration by this Court. The case should not be stayed. Rather, Plaintiff urges the Court to remand this case to the Circuit Court of Montgomery, Alabama.

Respectfully submitted this the **20th** day of February, 2008.

                                                    /s/ Wesley Chadwick Cook
                                                    E. FRANK WOODSON (WOO034)
                                                    P. LEIGH O'DELL (ODE006)
                                                    WESLEY CHADWICK COOK (COO079)

Of Counsel
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

Attorneys for Plaintiff

4

**CERTIFICATE OF SERVICE**

    I hereby certify that foregoing document was filed electronically on this 20th day of February, 2008 by uploading the same to the Court's CM/ECF system which will send a Notice of Electronic Filing upon all counsel of record.

                                                _/s/ Wesley Chadwick Cook_____
                                                OF COUNSEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

FOSAMAX PRODUCTS LIABILITY LITIGATION

*This Document Relates To All Actions*

MASTER FILE

1:06-MD-1789 (JFK)

## CASE MANAGEMENT ORDER NO. 14
### (Regarding Motions to Remand)

JOHN F. KEENAN, United States District Judge:

    It has become apparent that motions to remand which were filed in transferor courts and remain pending before this Court, as well as those which are expected to be filed in this Court, will raise overlapping challenges to this Court's subject matter jurisdiction. In order to resolve these jurisdictional issues promptly and efficiently, it is hereby ORDERED that:

    1. For cases transferred to this Court on or before March 1, 2008: All remand motions shall be served on the Defendant by March 31, 2008. Defendant shall serve its response to these remand motions on or before April 21, 2008. Plaintiffs may serve a reply on or before May 2, 2008. On May 2, 2008, each party shall file its motion papers and provide the Court with courtesy copies. Defendant also shall file on the master docket a list of all cases with remand motions pending as of that date.

    2. For cases transferred to this Court after March 1, 2008: On the last business day of June 2008 and every second month thereafter, Defendant shall notify the Court of any new remand motions that have been filed. Defendant shall file and serve papers in opposition thereto within fourteen days. Plaintiffs affected by such motions may serve and file reply papers, and provide the Court with courtesy copies of their motion papers, within fourteen days thereafter.

SO ORDERED.

Dated:    New York, N.Y.
              December 26, 2007

                                            JOHN F. KEENAN
                                            United States District Judge